1    SANTA BARBARA COUNTY COUNSEL
     RACHEL VAN MULLEM, County Counsel
2    CALLIE KIM, Deputy County Counsel (SBN 257213)
     105 East Anapamu Street, Suite 201
3    Santa Barbara, California 93101
     Telephone (805) 568-2950 / Fax (805) 568-2982
4    E-mail: ckim@countyofsb.org

5    Attorneys for Respondents and Defendants
     COUNTY OF SANTA BARBARA and
6    SANTA BARBARA COUNTY
     BOARD OF SUPERVISORS
7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   SABLE OFFSHORE CORP.;              Case No: 2:25-cv-04165-DMG-AGR
     PACIFIC PIPELINE COMPANY;
12   PACIFIC OFFSHORE PIPELINE          **ANSWER TO VERIFIED PETITION**
     COMPANY; EXXON MOBIL               **FOR WRIT OF MANDATE AND**
13   CORPORATION, MOBIL                 **COMPLAINT FOR**
     PACIFIC PIPELINE COMPANY,          **DECLARATORY RELIEF AND**
14                                      **DAMAGES**
     AND EXXONMOBIL PIPELINE
15   COMPANY,

16                                      Judge:      Hon. Dolly M. Gee
                                        Courtroom: 8C, First St. Courthouse
17           Petitioners/Plaintiffs,

18

19   v.

20

21   COUNTY OF SANTA BARBARA;
     SANTA BARBARA COUNTY
22   BOARD OF SUPERVISORS, and
     DOES 1-20,
23

24           Respondents/Defendants.

25

26

27

28

*SANTA BARBARA
COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950*

                                   - 1 -
DEFENDANTS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES

1    Respondents and Defendants County of Santa Barbara ("the County") and

2  Santa Barbara County Board of Supervisors ("Board") (collectively "County")

3  respond to Petitioners and Plaintiffs Sable Offshore Corporation, et al.'s

4  ("Petitioners") Verified Petition for Writ of Mandate and Complaint for

5  Declaratory Relief and Damages ("Pet. & Compl."), as follows:

6                                  **INTRODUCTION**

7    1.    In response to the allegations of paragraph 1, County admits that it

8  did not transfer Final Development Permits ("FDPs" or "permits") for three oil

9  and gas facilities from one owner, operator, and guarantor to another.  County

10  denies that County acted arbitrarily or unlawfully.

11    2.    In response to the allegations of paragraph 2, County admits that the

12  permits at issue were issued by the County, that the permits initially authorized the

13  construction of the facilities and continue to authorize the ongoing operation and

14  maintenance of the facilities, that compliance with the permits is required to

15  operate the facilities, and that the permits have no expiration date.  County lacks

16  knowledge or information sufficient to form a belief as to the truth of the

17  remaining allegations in paragraph 2 and on that basis denies the allegations.

18    3.    In response to the allegations of paragraph 3, Santa Barbara County

19  Code Chapter 25B ("Chapter 25B") speaks for itself and is the best evidence of its

20  contents.  County denies the allegations to the extent they are inconsistent with

21  Chapter 25B.  The remaining allegations in paragraph 3 are legal arguments or

22  conclusions to which no response is required.  To the extent a response is required,

23  County denies the allegations.

24    4.    In response to the allegations of paragraph 4, County admits that

25  Sable Offshore Corporation submitted applications for a Change of Owner,

26  Operator, and Guarantor for oil and gas facilities on March 14, 2024.  County

27  admits that staff for the County Planning and Development Department

28  recommended that the County Planning Commission ("Planning Commission")

*SANTA BARBARA
COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950*

- 2 -
DEFENDANTS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES

make the required findings to approve the Change of Owner, Operator, and Guarantor for the oil and gas facilities.  To the extent paragraph 4 purports to summarize the Staff Report for a Change of Owner, Operator, and Guarantor for the Santa Ynez Unit, POPCO Gas Plant, and Las Flores Pipeline System, dated Oct. 22, 2024 ("2024 Staff Report"), the 2024 Staff Report speaks for itself and is the best evidence of its contents and County denies the allegations to the extent they are inconsistent with the 2024 Staff Report.  County admits that the Planning Commission made the required findings to approve the Change of Owner, Operator, and Guarantor.  Except as specifically admitted, County denies each and every remaining allegation in paragraph 4.

5.      In response to the allegations of paragraph 5, County admits that a decision by the Planning Commission to approve a Change of Owner, Operator, and Guarantor may be appealed to the County Board of Supervisors ("Board").  Chapter 25B speaks for itself and is the best evidence of its contents.  County denies the allegations to the extent they are inconsistent with Chapter 25B.  The remaining allegations in paragraph 5 are legal arguments or conclusions to which no response is required.  To the extent a response is required, County denies the allegations.

6.      In response to the allegations of paragraph 6, County admits that two sets of organizations appealed the Planning Commission's approval of the Change of Owner, Operator, and Guarantor for the facilities to the Board of Supervisors ("Appeals").  The Appeals and the Board Agenda Letter for the Change of Owner, Operator, and Guarantor for the Santa Ynez Unit, Pacific Offshore Pipeline Company Gas Plant, and Las Flores Pipeline System Final Development Plan Permits, dated Feb. 25, 2025 ("2025 Board Agenda Letter") and transcript of the hearing speak for themselves and are the best evidence of their contents.  County denies the allegations to the extent they are inconsistent with the Appeals and the 2025 Board Agenda Letter.  The remaining allegations in paragraph 6 are legal

1  arguments or conclusions to which no response is required.  To the extent a

2  response is required, County denies the allegations.

3        7.      In response to the allegations of paragraph 7, County admits that at

4  the February 25, 2025 hearing, the Board of Supervisors voted 2-to-2 with one

5  Supervisor recusing herself from the vote.  The transcript of the February 25, 2025

6  hearing speaks for itself and is the best evidence of its contents.  County denies the

7  allegations to the extent they are inconsistent with the transcript.

8        8.      In response to the allegations of paragraph 8, paragraph 8 contains

9  legal conclusions or arguments to which no response is required.  To the extent a

10  response is required, County denies the allegations.

11        9.      In response to the allegations of paragraph 9, County admits that it

12  has not transferred the permits to Sable Offshore Corp.  The remaining allegations

13  in paragraph 9 are legal conclusions or arguments to which no response is

14  required.  To the extent a response is required, County denies the allegations.

15        10.     In response to the allegations of paragraph 10, said paragraph

16  contains legal conclusions or arguments to which no response is required.  To the

17  extent a response is deemed to be required, County denies that it has failed to

18  proceed as required by Chapter 25B, that its actions place unnecessary legal and

19  financial burdens on Petitioners, and that it has denied ExxonMobil and Mobil

20  Pacific Pipeline Company of any rights.  County admits that ExxonMobil and

21  Mobil Pacific Pipeline Company are still listed on the permits.  County lacks

22  knowledge or information sufficient to form a belief as to the truth of the

23  remaining allegations in paragraph 10 and on that basis denies the allegations.

24        11.     In response to the allegations of paragraph 11, County lacks

25  knowledge or information sufficient to form a belief as to the truth of the

26  allegations as to Sable's investments and on that basis denies the allegations. The

27  remaining allegations in paragraph 11 are legal conclusions or argument to which

28  //

1  no response is required.  To the extent a response is required, County denies the

2  allegations.

3  **JURISDICTION AND VENUE**

4  12.   In response to the allegations of paragraph 12, County lacks

5  knowledge or information sufficient to form a belief as to the truth of the

6  allegations and on that basis denies each and every allegation contained therein.

7  13.   In response to the allegations of paragraph 13, County lacks

8  knowledge or information sufficient to form a belief as to the truth of the

9  allegations and on that basis denies each and every allegation contained therein.

10  14.   In response to the allegations of paragraph 14, County lacks

11  knowledge or information sufficient to form a belief as to the truth of the

12  allegations and on that basis denies each and every allegation contained therein.

13  15.   In response to the allegations of paragraph 15, County admits that

14  venue is proper in the Central District of California pursuant to 28 U.S.C.

15  § 1391(b).

16  **PARTIES**

17  16.   In response to the allegations of paragraph 16, County lacks

18  knowledge or information sufficient to form a belief as to the truth of the

19  allegations and on that basis denies each and every allegation contained therein.

20  17.   In response to the allegations of paragraph 17, County lacks

21  knowledge or information sufficient to form a belief as to the truth of the

22  allegations and on that basis denies each and every allegation contained therein.

23  18.   In response to the allegations of paragraph 18, County lacks

24  knowledge or information sufficient to form a belief as to the truth of the

25  allegations and on that basis denies each and every allegation contained therein.

26  19.   In response to the allegations of paragraph 19, County lacks

27  knowledge or information sufficient to form a belief as to the truth of the

28  allegations and on that basis denies each and every allegation contained therein.

20.    In response to the allegations of paragraph 20, County lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

21.    In response to the allegations of paragraph 21, County lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

22.    In response to the allegations of paragraph 22, County admits the Facilities at issue in this case are located within the jurisdictional limits of the County of Santa Barbara, but notes the Pipeline ultimately extends out of the jurisdictional limits of the County of Santa Barbara.

23.    In response to the allegations of paragraph 23, County admits the allegations.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES
## AND STANDING

24.    In response to the allegations of paragraph 24, paragraph 24 contains legal conclusions or arguments to which no response is required.  To the extent a response is required, County denies the allegations.

25.    In response to the allegations of paragraph 25, paragraph 25 (including footnote 2) contains legal conclusions or arguments to which no response is required.  To the extent a response is required, County admits that the Board of Supervisors is composed of five members and denies each and every remaining allegation.

## GENERAL ALLEGATIONS
## The Facilities

26.    In response to the allegations of paragraph 26, County admits that there are three oil and gas production and transportation facilities spanning from Santa Barbara County to Kern County:  The Las Flores Pipeline ("Pipeline"), the POPCO facilities ("POPCO Facilities"), and Santa Ynez Unit ("SYU")

SANTA BARBARA
COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950

- 6 -
DEFENDANTS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES

("Facilities").  County admits that the Facilities are County-permitted facilities located within unincorporated Santa Barbara County and are used to treat or transport crude oil and natural gas from offshore platforms.  County lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to ownership of the Facilities.

27.     In response to the allegations of paragraph 27, County admits the allegations.

28.     In response to the allegations of paragraph 28, County admits the allegations.

29.     In response to the allegations of paragraph 29, County admits the allegations.

### State and Federal Agency Jurisdiction

30.     In response to the allegations of paragraph 30, including footnotes 3 and 4, said paragraph and footnotes contain legal conclusions or arguments to which no response is required.  To the extent a response is deemed to be required, the laws cited therein—49 U.S.C. § 108(b) and Government Code §§ 51010, 51013.1(c)—speak for themselves and are the best evidence of their contents. County denies the allegations to the extent they are inconsistent with the referenced laws.  County admits that it entered into a Settlement Agreement with Celeron Pipeline Company of California on February 8, 1988.  The agreement speaks for itself and is the best evidence of its contents.  County denies the allegations to the extent they are inconsistent with the agreement.

31.     In response to the allegations of paragraph 31, the provisions of the Government Code cited therein speak for themselves and are the best evidence of their contents.  County denies the allegations to the extent they are inconsistent with those provisions of the Government Code.

//

//

DEFENDANTS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES

1    32.    In response to the allegations of paragraph 32, 2 CCR § 2129(a)

2  speaks for itself and is the best evidence of its contents.  County denies the

3  allegations to the extent they are inconsistent with the code.

4    33.    In response to the allegations of paragraph 33, 8 CCR §§ 6502, 6750

5  speak for themselves and are the best evidence of their contents.  County denies

6  the allegations to the extent they are inconsistent with the code sections.

7    34.    In response to the allegations of paragraph 34, 43 USC § 1331 and 30

8  CFR § 550.101 speak for themselves and are the best evidence of their contents.

9  County denies the allegations to the extent they are inconsistent with the laws

10  referenced therein.

11    35.    In response to the allegations of paragraph 35, Chapter 25B speaks

12  for itself and is the best evidence of its contents.  County denies the allegations to

13  the extent they are inconsistent with Chapter 25B.  The remaining allegations are

14  legal conclusions or argument to which no response is required.  To the extent a

15  response is required, County denies the allegations.

16    **The Facilities' Vested Final Development Permits**

17    36.    In response to the allegations of paragraph 36, County admits an FDP

18  can authorize the construction and operation of certain oil and gas production

19  facilities consistent with the terms and requirements of the FDP.  The remaining

20  allegations in paragraph 36 are legal conclusions or arguments to which no

21  response is required.  To the extent a response is required, County denies the

22  allegations.

23    37.    In response to the allegations of paragraph 37, County admits the

24  allegations.

25    38.    In response to the allegations of paragraph 38, said paragraph

26  includes legal conclusions or arguments to which no response is required.  To the

27  extent a response is required, County denies the allegations.  County lacks

28  //

SANTA BARBARA
COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950

- 8 -
DEFENDANTS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES

1    knowledge or information sufficient to form a belief as to the truth of the

2    remaining allegations and on that basis denies the allegations.

3        39.    In response to the allegations of paragraph 39, County admits that the

4    FDPs do not have an expiration date.  The FDPs speak for themselves and are the

5    best evidence of their contents.  County denies the allegations to the extent they

6    are inconsistent with the FDPs.  The remaining allegations are legal conclusions to

7    which no response is required.  To the extent a response is required, County denies

8    the allegations.

9                              **County Code Chapter 25B**

10       40.    In response to the allegations of paragraph 40, County admits that in

11   2002, the Board adopted Chapter 25B of the County Code.  The remaining

12   allegations in paragraph 40 describe or quote Chapter 25B.  Chapter 25B speaks

13   for itself and is the best evidence of its contents.  County denies the allegations to

14   the extent they are inconsistent with Chapter 25B.

15       41.    In response to the allegations of paragraph 41, County lacks sufficient

16   information to admit or deny the allegations and on that basis denies the

17   allegations.

18       42.    In response to the allegations of paragraph 42, said paragraph

19   includes legal conclusions to which no response is required.  To the extent a

20   response is deemed to be required, County denies the allegations.  Chapter 25B

21   speaks for itself and is the best evidence of its contents.  County denies the

22   allegations to the extent they are inconsistent with Chapter 25B.

23       43.    In response to the allegations of paragraph 43, Chapter 25B speaks

24   for itself and is the best evidence of its contents.  County denies the allegations to

25   the extent they are inconsistent with Chapter 25B.

26       44.    In response to the allegations of paragraph 44, said paragraph

27   contains legal conclusions or arguments to which no response is required.  To the

28   extent a response is deemed to be required, County denies the allegations.  Said

*SANTA BARBARA
COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950*

- 9 -
DEFENDANTS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES

1  paragraph also includes conclusory statements purporting to paraphrase or

2  characterize the contents of Chapter 25B. Chapter 25B speaks for itself and is the

3  best evidence of its contents.  County denies the allegations to the extent that they

4  are inconsistent with Chapter 25B.

5       45.     In response to the allegations of paragraph 45, said paragraph

6  includes legal conclusions to which no response is required.  To the extent a

7  response is deemed to be required, County denies the allegations.  Said paragraph

8  also purports to quote, paraphrase, or characterize Chapter 25B.  Chapter 25B

9  speaks for itself and is the best evidence of its contents.  County denies the

10  allegations to the extent that they are inconsistent with Chapter 25B.

11       46.     In response to the allegations of paragraph 46, Chapter 25B speaks

12  for itself and is the best evidence of its contents.  County denies the allegations to

13  the extent they are inconsistent with Chapter 25B.  The remaining allegations in

14  paragraph 46 are legal conclusions to which no response is required.  To the extent

15  a response is deemed to be required, County denies the allegations.

16       47.     In response to the allegations of paragraph 47, Chapter 25B speaks

17  for itself and is the best evidence of its contents.  County denies the allegations to

18  the extent they are inconsistent with Chapter 25B.

19  **2023 ExxonMobil Transfer**

20       48.     In response to the allegations of paragraph 48, said paragraph

21  includes legal conclusions or arguments to which no response is required.  To the

22  extent a response is required, County lacks knowledge or information sufficient to

23  form a belief as to the truth of the allegations and on that basis denies the

24  allegations.

25       49.     In response to the allegations of paragraph 49, County admits that on

26  June 14, 2023, the Planning Commission approved the change of ownership,

27  change of guarantor, and change of operator from All American Pipeline L.P. to

28  Pacific Pipeline Company, ExxonMobil Corporation, and ExxonMobil Pipeline

DEFENDANTS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES

Company ("EMPCO").  The remaining allegations in paragraph 49 are immaterial legal conclusions to which no response is required.  To the extent a response is deemed to be required, County denies the allegations.

50.    In response to the allegations of paragraph 50, said paragraph contains conclusory statements purporting to paraphrase or characterize the Planning Commission Action Letter dated June 16, 2023 ("2023 Action Letter"). To the extent these allegations may be deemed to require an answer, the 2023 Action Letter speaks for itself and is the best evidence of its contents.  County denies the allegations to the extent they are inconsistent with the letter.  The remaining allegations of paragraph 50 are legal conclusions to which no response is required.  To the extent a response is required, County denies the allegations.

51.    In response to the allegations of paragraph 51, said paragraph contains conclusory statements purporting to summarize or characterize the contents of the Board Agenda Letter for a Change of Owner, Operator, and Guarantor for the Las Flores Pipeline System, dated Sept. 19, 2023 ("2023 Board Agenda Letter").  To the extent these allegations may be deemed to require an answer, the 2023 Board Agenda Letter speaks for itself and is the best evidence of its contents.  County denies the allegations to the extent they are inconsistent with the 2023 Board Agenda Letter.

52.    In response to the allegations of paragraph 52, said paragraph contains conclusory statements purporting to summarize or characterize the contents of the 2023 Board Agenda Letter.  To the extent these allegations may be deemed to require an answer, the 2023 Board Agenda Letter speaks for itself and is the best evidence of its contents.  County denies the allegations to the extent they are inconsistent with the 2023 Board Agenda Letter.  Paragraph 52 also contains conclusory statements purporting to summarize the contents of the Board Minute Order for the Change of Owner, Operator, and Guarantor for the Las Flores Pipeline System, dated Sept. 19, 2023 ("2023 Minute Order").  To the

SANTA BARBARA
COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950

- 11 -
DEFENDANTS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES

extent these allegations may be deemed to require an answer, the 2023 Minute

Order speaks for itself, and County denies the allegations to the extent they are

inconsistent with the 2023 Minute Order.

53.    In response to the allegations of paragraph 53, said paragraph

contains statements purporting to describe the transcript of Board deliberations.

To the extent these allegations may be deemed to require an answer, the transcript

of the hearing speaks for itself and is the best evidence of its contents.  County

denies the allegations to the extent they are inconsistent with the transcript.

54.    In response to the allegations of paragraph 54, said paragraph

contains statements purporting to describe findings made by the Board of

Supervisors at the September 19, 2023 hearing.  To the extent these allegations

may be deemed to require an answer, the findings speak for themselves and are the

best evidence of their contents.  County denies the allegations to the extent they

are inconsistent with the findings.

55.    In response to the allegations of paragraph 55, County admits that

following the denial of the appeal at the September 19, 2023 hearing, County

approved the change of owner operator, and guarantor for the Facilities.

## Commission Approval of Sable's Chapter 25B Applications and
## Appeals to the Board

56.    In response to the allegations of paragraph 56, County lacks sufficient

information to admit or deny the allegations and on that basis denies the

allegations.

57.    In response to the allegations of paragraph 57, County admits Sable

submitted applications to the County to authorize the change of owner, operator,

and guarantor for the Facilities.  Except as specifically admitted, County denies

the remaining allegations in paragraph 57.

58.    In response to the allegations of paragraph 58, County admits that

staff for the County Planning and Development Department recommended the

DEFENDANTS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES

1   Planning Commission approve the change of owner, operator, and guarantor for

2   the Facilities.  The remaining allegations in paragraph 58 purport to summarize the

3   2024 Staff Report.  To the extent these allegations may be deemed to require an

4   answer, the 2024 Staff Report speaks for itself and is the best evidence of its

5   contents.  County denies the allegations to the extent they are inconsistent with the

6   2024 Staff Report.  Except as specifically admitted, County denies each and every

7   remaining allegation in paragraph 58.

8       59.     In response to the allegations of paragraph 59, County admits the

9   allegations.

10      60.     In response to the allegations of paragraph 60, said paragraph

11  contains statements purporting to describe findings made by the Planning

12  Commission at the October 30, 2024 hearing.  The findings speak for themselves

13  and are the best evidence of their contents.  County denies the allegations to the

14  extent they are inconsistent with the findings.  Except as specifically admitted,

15  County denies each and every remaining allegation in paragraph 60.

16      61.      In response to the allegations of paragraph 61, said paragraph

17  contains legal assertions, arguments, or conclusions to which no response is

18  required. To the extent these legal assertions, arguments, or conclusions require a

19  response, County denies the allegations.

20      62.     In response to the allegations of paragraph 62, Count admits the

21  allegations.

22      63.     In response to the allegations of paragraph 63, County admits the

23  allegations.

24      64.     In response to the allegations of paragraph 64, said paragraph

25  contains legal assertions, arguments, or conclusions to which no response is

26  required. To the extent a response is required, the legal assertions, arguments, or

27  conclusions refer to statements made in the Appeals filed by the Center for

28  Biological Diversity and Environmental Defense Center.  In response, the Appeals

SANTA BARBARA
COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950

- 13 -

DEFENDANTS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES

1    speak for themselves and are the best evidence of their contents.  County denies

2    the allegations to the extent they are inconsistent with the Appeals.  Except as

3    expressly admitted, the allegations are denied.

4          65.    In response to the allegations of paragraph 65, said paragraph

5    contains legal assertions, arguments, or conclusions to which no response is

6    required. To the extent these legal assertions, arguments, or conclusions refer to

7    statements in the 2025 Board Agenda Letter, the 2025 Board Agenda Letter

8    speaks for itself and is the best evidence of its contents.  County denies the

9    allegations to the extent they are inconsistent with the 2025 Board Agenda Letter.

10   Except as expressly admitted, the allegations are denied.

11         66.    In response to the allegations of paragraph 66, County admits that

12   prior to the Board hearing, Petitioners and Appellants filed letters and evidence in

13   support of their respective positions.  Paragraph 66 contains legal assertions,

14   arguments, or conclusions to which no response is required. To the extent a

15   response is required, the legal assertions, arguments, or conclusions refer to the

16   letters and other evidence submitted for the February 25, 2025 Board hearing.  In

17   response, the evidence speaks for itself and is the best evidence of its contents.

18   County denies the allegations to the extent they are inconsistent with the letters

19   and other evidence submitted for the February 25, 2025 Board hearing.  Except as

20   expressly admitted, the allegations are denied.

21         67.    In response to the allegations of paragraph 67, said paragraph

22   contains legal assertions, arguments, or conclusions to which no response is

23   required. To the extent a response is deemed to be required, County lacks

24   knowledge or information sufficient to form a belief about the truth of the

25   allegations and on that basis denies the allegations.  To the extent the allegations

26   refer to documents submitted to the Board, the documents speak for themselves

27   and are the best evidence of their contents.  County denies the allegations to the

28   //

extent they are inconsistent with the documents.  Except as expressly admitted, the allegations are denied.

### **Board No-Action Determination and Failure to Transfer FDPs**

68.    In response to the allegations of paragraph 68, County admits the Board held a public hearing on the two Appeals on February 25, 2025.  The remaining allegations purport to summarize statements made by Appellants.  To the extent the allegations refer to documents submitted to the Board or statements made at the hearing, the documents and transcript speak for themselves and are the best evidence of their contents.  County denies the allegations to the extent they are inconsistent with the documents.

69.    In response to the allegations of paragraph 69, said paragraph contains legal assertions, arguments, or conclusions to which no response is required. To the extent these legal assertions, arguments, or conclusions may be interpreted to require a response, the transcript of the hearing and draft ordinance speak for themselves and are the best evidence of their contents.  County denies the allegations to the extent they are inconsistent with these records.

70.    In response to the allegations of paragraph 70, County admits the allegations.

71.    In response to the allegations of paragraph 71, said paragraph purports to summarize and characterize statements made at the Board hearing. The transcript of the hearing speaks for itself and is the best evidence of its contents.  County denies the allegations to the extent they are inconsistent with the transcript.

72.    In response to the allegations of paragraph 72, said paragraph purports to summarize and characterize statements made at the Board hearing. The transcript of the hearing speaks for itself and is the best evidence of its contents.  County denies the allegations to the extent they are inconsistent with the transcript.

SANTA BARBARA
COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, Ca 93101
(805) 568-2950

DEFENDANTS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES

73.    In response to the allegations of paragraph 73, County admits that the Board cannot act without 3 votes.  The remaining allegations in paragraph 73 are legal assertions, arguments, or conclusions to which no response is required. To the extent a response is deemed to be required, County denies the allegations.

74.    In response to the allegations of paragraph 74, said paragraph contains legal assertions, arguments, or conclusions to which no response is required. To the extent these legal assertions, arguments, or conclusions may be interpreted to require a response, County denies the allegations.

75.    In response to the allegations of paragraph 75, County denies that it did not act in accordance with the law.  Count admits that the day after the February 25, 2025 Board hearing, the Director of the County Planning and Development Department ("Director") publicly stated at a Planning Commission hearing that the County was in the process of determining the impact of the tie vote.

76.    In response to the allegations of paragraph 76, County admits that on February 26, 2025, Sable sent the Director a letter and on March 1, 2025, Environmental Defense Center sent a separate letter.  The remaining allegations in paragraph 76 purport to describe statements made in the two letters.  County responds that the letters speak for themselves and are the best evidence of their contents.  County denies the allegations to the extent they are inconsistent with the letters.

77.    In response to the allegations of paragraph 77, County admits that Sable sent a letter to the Director on April 11, 2025.  County responds that the letter speaks for itself and is the best evidence of its contents.  County denies the allegations to the extent they are inconsistent with the letter.

78.    In response to the allegations of paragraph 78, County admits that at its April 16, 2025 meeting, the Board went into closed session to discuss Sable's //

1  threat of litigation and that after closed session, County Counsel stated that no

2  reportable action was taken.

3      79.    In response to the allegations of paragraph 79, County admits the

4  allegations.

5      80.    In response to the allegations of paragraph 80, said paragraph

6  contains legal assertions, arguments, or conclusions to which no response is

7  required. To the extent a response is deemed to be required, County denies the

8  allegations.

9      81.    In response to the allegations of paragraph 81, said paragraph

10 contains legal assertions, arguments, or conclusions to which no response is

11 required. To the extent a response is deemed to be required, County denies the

12 allegations.

13     82.    In response to the allegations of paragraph 82, said paragraph

14 contains legal assertions, arguments, or conclusions to which no response is

15 required. To the extent a response is deemed to be required, County denies the

16 allegations.

## FIRST CAUSE OF ACTION

**Writ of Mandate – Failure to Comply with County Code Chapter 25B
(Cal. Civ. Proc. Code § 1085) By Failing To Effectuate the Transfers**

19     83.    In paragraph 83, Petitioners reallege and incorporate by reference

20 each and every allegation set forth in paragraphs 1 through 82 of its Pet. & Compl.

21 Insofar as a response is required to paragraph 83, County incorporates by

22 reference its responses to those allegations as if fully set forth herein.

23     84.    In response to the allegations of paragraph 84, said paragraph

24 contains legal assertions, arguments, or conclusions to which no response is

25 required. To the extent a response is deemed to be required, County denies the

26 allegations.

27     85.    In response to the allegations of paragraph 85, said paragraph

28 contains legal assertions, arguments, or conclusions to which no response is

SANTA BARBARA
COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950

- 17 -

DEFENDANTS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES

required. To the extent a response is deemed to be required, County denies the allegations.  Said paragraph also includes a characterization or description of Chapter 25B.  To the extent a response is required, Chapter 25B speaks for itself and is the best evidence of its contents.   County denies any characterization or description that is inconsistent with Chapter 25B. To the extent a response is required, County admits that the Planning Commission approved the Change of Owner, Operator, and Guarantor for the Facilities and the Board did not take action by majority vote when the Planning Commission decision was appealed to the Board.  Except as specially admitted herein, County denies the allegations.

86.     In response to the allegations of paragraph 86, said paragraph contains legal assertions, arguments, or conclusions to which no response is required. To the extent a response is deemed to be required, County denies the allegations.  Said paragraph also includes a characterization or description of Chapter 25B.  To the extent a response is required, Chapter 25B speaks for itself and is the best evidence of its contents.  County denies any characterization or description that is inconsistent with Chapter 25B.

87.     In response to the allegations of paragraph 87, said paragraph contains legal assertions, arguments, or conclusions to which no response is required. To the extent a response is deemed to be required, County denies the allegations.

88.     In response to the allegations of paragraph 88, said paragraph contains legal assertions, arguments, or conclusions to which no response is required. To the extent a response is deemed to be required, County denies the allegations.  To the extent paragraph 88 purports to describe the contents of Chapter 25B, Chapter 25B speaks for itself and is the best evidence of its contents. County denies any allegations that are inconsistent with Chapter 25B.

89.     In response to the allegations of paragraph 89, County admits that Sable requested that the County formally transfer the FDPs and that the County

SANTA BARBARA
COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950

- 18 -
DEFENDANTS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES

has not done so.  Paragraph 89 contains legal assertions, arguments, or conclusions to which no response is required. To the extent a response is deemed to be required, County denies the allegations.

90.    In response to the allegations of paragraph 90, said paragraph contains legal assertions, arguments, or conclusions to which no response is required. To the extent a response is deemed to be required, County denies the allegations.

### SECOND CAUSE OF ACTION

**Writ of Mandate – Failure to Comply with County Code Chapter 25B   (Cal. Civ. Proc. Code § 1094.5) By Failing To Act on Appeals**

91.    In paragraph 91, Petitioners reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 90 of their Pet. & Compl. Insofar as a response is required to paragraph 91, County incorporates by reference its responses to those allegations as if fully set forth herein.

92.    In response to the allegations of paragraph 92, said paragraph contains legal assertions, arguments, or conclusions to which no response is required. To the extent a response is deemed to be required, County denies the allegations.  Said paragraph also includes a characterization or description of Chapter 25B.  To the extent a response is required, Chapter 25B speaks for itself and is the best evidence of its contents.  County denies any characterization or description that is inconsistent with Chapter 25B. To the extent a response is required, County denies the allegations.

93.    In response to the allegations of paragraph 93, said paragraph includes a characterization or description of Chapter 25B.  To the extent a response is required, Chapter 25B speaks for itself and is the best evidence of its contents.  County denies any characterization or description that is inconsistent with Chapter 25B. To the extent a response is required, County admits the Board did not take action by majority vote.  County denies the remaining allegations.

94.    In response to the allegations of paragraph 94, said paragraph contains legal assertions, arguments, or conclusions to which no response is required. To the extent a response is deemed to be required, County denies the allegations.

95.    In response to the allegations of paragraph 95, said paragraph contains legal assertions, arguments, or conclusions to which no response is required. To the extent a response is deemed to be required, County denies the allegations.

96.    In response to the allegations of paragraph 96, said paragraph contains legal assertions, arguments, or conclusions to which no response is required. To the extent a response is deemed to be required, County denies the allegations.

97.    In response to the allegations of paragraph 97, said paragraph contains legal assertions, arguments, or conclusions to which no response is required. To the extent a response is deemed to be required, County denies the allegations.

## THIRD CAUSE OF ACTION

### Writ of Mandate – Violation of County Code Chapter 25B
### (Cal. Code Civ. Proc. § 1094.5)

### (Pleaded in the Alternative to First and Second Causes of Action)

98.    In paragraph 98, Petitioners reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 97 of its Pet. & Compl. Insofar as a response is required to paragraph 98, County incorporates by reference its responses to those allegations as if fully set forth herein.

99.    In response to the allegations of paragraph 99, said paragraph contains legal assertions, arguments, or conclusions to which no response is required. To the extent a response is deemed to be required, County admits that the //

1    Board majority made no findings of denial and did not grant or deny the Appeals.

2    County denies the remaining allegations in paragraph 99.

3         100.   In response to the allegations of paragraph 100, said paragraph

4    purports to summarize parts of Chapter 25B.  To the extent a response is required,

5    Chapter 25B speaks for itself and is the best evidence of its contents.  County

6    denies any characterization or description that is inconsistent with Chapter 25B.

7    Said paragraph also contains legal assertions, arguments, or conclusions to which

8    no response is required. To the extent a response is deemed to be required, County

9    denies the allegations.  County admits that the Planning Commission approved the

10   Change of Owner, Operator, and Guarantor on October 30, 2025.  County admits

11   that upon hearing the Appeals, the Board took no action by a majority and made

12   no findings.  County denies the remaining allegations in paragraph 100.

13        101.   In response to the allegations of paragraph 101, said paragraph

14   contains legal assertions, arguments, or conclusions to which no response is

15   required. To the extent a response is deemed to be required, County denies the

16   allegations.

17        102.   In response to the allegations of paragraph 102, said paragraph

18   contains legal assertions, arguments, or conclusions to which no response is

19   required. To the extent a response is deemed to be required, County admits that the

20   Planning Commission approved the Change of Owner, Operator, and Guarantor.

21   To the extent paragraph 102 purports to summarize or characterize the 2025 Board

22   Agenda Letter, the 2025 Board Agenda Letter speaks for itself and is the best

23   evidence of its contents.  County denies any characterization that is inconsistent

24   with the 2025 Board Agenda Letter.  County denies the remaining allegations.

25        103.   In response to the allegations of paragraph 103, the transcript of the

26   hearing speaks for itself and is the best evidence of its contents.  County denies

27   any allegations inconsistent with the transcript.  Said paragraph contains legal

28   //

SANTA BARBARA
COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950

- 21 -

DEFENDANTS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES

1  assertions, arguments, or conclusions to which no response is required. To the

2  extent a response is deemed to be required, County denies the allegations.

3      104.  In response to the allegations of paragraph 104, said paragraph

4  purports to summarize or characterize the 2025 Board Agenda Letter, the 2025

5  Board Agenda Letter speaks for itself and is the best evidence of its contents.

6  County denies any description or characterization that is inconsistent with the

7  2025 Board Agenda Letter.  Said paragraph contains legal assertions, arguments,

8  or conclusions to which no response is required. To the extent a response is

9  deemed to be required, County denies the allegations.

10      105.  In response to paragraph 105, said paragraph contains legal

11  assertions, arguments, or conclusions to which no response is required. To the

12  extent a response is deemed to be required, County denies the allegations.

### FOURTH CAUSE OF ACTION

**Writ of Mandate – Violation of the Takings Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 19 of the California Constitution**
**(42 U.S.C. § 1983; Cal. Const. art. I, § 19)**

17      106.  In paragraph 106, Petitioners reallege and incorporate by reference

18  each and every allegation set forth in paragraphs 1 through 105 of its Pet. &

19  Compl. Insofar as a response is required to paragraph 105, County incorporates by

20  reference their responses to those allegations as if fully set forth herein.

21      107.  Paragraph 107 contains legal assertions, arguments, or conclusions to

22  which no response is required.  To the extent legal assertions, arguments, or

23  conclusions are interpreted to require a response, the allegations are denied.

24      108.  Paragraph 108 contains legal assertions, arguments, or conclusions to

25  which no response is required.  To the extent the legal assertions, arguments, or

26  conclusions are interpreted to require a response, County lacks sufficient

27  information to admit or deny allegations related to the amount of money Sable

28  //

SANTA BARBARA
COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950

- 22 -

DEFENDANTS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES

1   paid for or has invested in the Facilities.  County denies each and every remaining

2   allegation.

3        109.   In response to paragraph 109, said paragraph contains legal

4   assertions, arguments, or conclusions to which no response is required. To the

5   extent a response is deemed to be required, County denies the allegations.

6        110.   In response to paragraph 110, said paragraph contains legal

7   assertions, arguments, or conclusions to which no response is required. To the

8   extent a response is deemed to be required, County denies the allegations.

9        111.   In response to paragraph 111, said paragraph contains legal

10  assertions, arguments, or conclusions to which no response is required. To the

11  extent a response is deemed to be required, County denies the allegations.

12       112.   In response to paragraph 112, said paragraph contains legal

13  assertions, arguments, or conclusions to which no response is required. To the

14  extent a response is deemed to be required, County denies the allegations.

15  <u>**FIFTH CAUSE OF ACTION**</u>

16  **Declaratory Relief and Damages – Violation of the Takings Clause of the
    Fifth and Fourteenth Amendments to the United States Constitution and
17  Article I, Section 19 of the California Constitution
    (42 U.S.C. § 1983; Cal. Const. art. I, § 19; Cal. Code Civ. Proc. § 1060)**
18

19       113.   In paragraph 113, Petitioners reallege and incorporate by reference

20  each and every allegation set forth in paragraphs 1 through 112 of their Pet. &

21  Compl. Insofar as a response is required to paragraph 113, County incorporates by

22  reference its responses to those allegations as if fully set forth herein.

23       114.   In response to the allegations of paragraph 114, said paragraph

24  includes a characterization or description of Chapter 25B.  To the extent a

25  response is required, Chapter 25B speaks for itself and is the best evidence of its

26  contents.  County denies any characterization or description that is inconsistent

27  with Chapter 25B. Said paragraph also contains legal assertions, arguments, or

28  //

SANTA BARBARA
COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950

- 23 -
DEFENDANTS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES

1  conclusions to which no response is required. To the extent a response is deemed

2  to be required, County denies the allegations.

3      115.  In response to paragraph 115, said paragraph contains legal

4  assertions, arguments, or conclusions to which no response is required. To the

5  extent a response is deemed to be required, County denies the allegations.

6      116.  In response to paragraph 116, said paragraph contains legal

7  assertions, arguments, or conclusions to which no response is required.  To the

8  extent a response is deemed to be required, County denies the allegations.

9      117.  In response to paragraph 117, said paragraph contains legal

10  assertions, arguments, or conclusions to which no response is required. To the

11  extent a response is deemed to be required, County denies the allegations.

12      118.  In response to paragraph 118, County lacks sufficient information as

13  to what Petitioners seek and, on that basis, denies the allegations.

14      119.  In response to the allegations of paragraph 119, said paragraph

15  contains legal assertions, arguments, or conclusions to which no response is

16  required. To the extent a response is deemed to be required, County denies the

17  allegations.

## SIXTH CAUSE OF ACTION

**Declaratory Relief and Damages – Violation of the Supremacy Clause of the United States Constitution and Article XI, Section 7 of the California Constitution**
**(42 U.S.C. § 1983; U.S. Const., Art. VI; Cal. Civ. Proc. Code § 1060)**

20      120.  In paragraph 120, Petitioners reallege and incorporate by reference

22  each and every allegation set forth in paragraphs 1 through 119 of their Pet. &

23  Compl. Insofar as a response is required to paragraph 120, County incorporates by

24  reference its responses to those allegations as if fully set forth herein.

25      121.  In response to the allegations of paragraph 121, said paragraph

26  contains legal assertions, arguments, or conclusions to which no response

27  //

28

SANTA BARBARA
COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950

- 24 -

DEFENDANTS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES

1  required. To the extent a response is deemed to be required, County denies the

2  allegations.

3       122.   In response to the allegations of paragraph 122, said paragraph

4  contains legal assertions, arguments, or conclusion to which no response is

5  required.  To the extent a response is required, the allegations are denied.

6       123.   In response to the allegations of paragraph 123, said paragraph

7  contains legal assertions, arguments, or conclusion to which no response is

8  required.  To the extent a response is required, the allegations are denied.

9       124.   In response to the allegations of paragraph 124, the transcript of the

10  hearing speaks for itself and is the best evidence of its contents.  County denies the

11  allegations to the extent they are inconsistent with the transcript of the hearing.

12       125.   In response to the allegations of paragraph 125, said paragraph

13  contains legal assertions, arguments, or conclusion to which no response is

14  required.  To the extent a response is required, the allegations are denied.

15       126.   In response to the allegations of paragraph 126, said paragraph

16  purports to describe state law.  In response, state law speaks for itself and is the

17  best evidence of its contents.  County denies the allegations to the extent they are

18  inconsistent with state law.  The remaining allegations of paragraph 26 consists of

19  legal assertions, arguments, or conclusion to which no response is required.  To

20  the extent a response is required, the allegations are denied.

21       127.   In response to the allegations of paragraph 127, the transcript of the

22  hearing speaks for itself and is the best evidence of its contents.  County denies the

23  allegations to the extent they are inconsistent with the transcript of the hearing.

24       128.   In response to the allegations of paragraph 128, said paragraph

25  contains legal assertions, arguments, or conclusion and therefore no response is

26  required.  To the extent a response is required, County denies the allegations.

27  //

28  //

SANTA BARBARA
COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950

- 25 -
DEFENDANTS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES

129.    Paragraph 129 contains legal assertions, arguments, or conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

Except as specifically admitted herein, County denies each and every allegation in the Pet. & Compl.

## AFFIRMATIVE DEFENSES

County is informed and believes, and on such information and belief, allege the affirmative defenses set forth below. By alleging these defenses, County does not admit that it has the burden of proof and/or burden of persuasion as to any of these defenses.

### First Affirmative Defense

Petitioners lack standing to bring the claims that are set forth in the Petition.

### Second Affirmative Defense

The Petition, and each cause of action therein, is barred by the failure to exhaust administrative remedies.

### Third Affirmative Defense

The relief sought, if granted, would improperly interfere with County's lawful exercise of its authority and discretion.

### Fourth Affirmative Defense

Petitioners have failed, refused, and neglected to reasonably mitigate their damages, which bars or diminishes any recovery.

### Fifth Affirmative Defense

County is not liable Petitioners' injuries and damages, if there were any, caused by the County's actions or inactions pursuant to California Government Code section 818.4.

//

//

//

**Sixth Affirmative Defense**

County is not liable Petitioners' injuries and damages, if there were any, caused by the County's actions or inactions pursuant to California Government Code section 815.

**Seventh Affirmative Defense**

The causes of action asserted in the Pet. & Compl. are barred by the doctrines of waiver and estoppel.

**Eighth Affirmative Defense**

County is not liable in that Petitioner's injuries and damages, if there were any, were caused by the acts or omissions of other persons or entities, and not by County.

**Ninth Affirmative Defense**

The causes of action asserted in the Pet. & Compl. are not ripe for judicial review.

**Tenth Affirmative Defense**

The Pet. & Compl. is barred by the doctrine of unclean hands.

**Eleventh Affirmative Defense**

The Pet. & Compl. is set forth in conclusory and uncertain terms, thereby precluding County from fully anticipating all affirmative defenses and/or privileges and immunities that may be applicable. Accordingly, County reserves the right to add additional affirmative defenses at such time as Petitioner's claims may be stated with greater clarity.

WHEREFORE, County respectfully requests that:

1.    The petition for a writ of mandate pursuant to California Code of Civil Procedure section 1085 be denied in its entirety;

2.    The petition for a writ of mandate pursuant to California Code of Civil Procedure section 1094.5 be denied in its entirety;

3.    The complaint for declaratory relief be denied;

DEFENDANTS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES

1    4.    Petitioners take nothing by reason of their complaint for damages and

2    that judgment be rendered in favor of County;

3    5.    County recover its costs in this proceeding, along with attorneys' fees

4    to the extent permitted by law; and

5    6.    The Court award to County such other and further relief as it considers

6    just and proper.

7

8    Dated:  May 30, 2025                          Respectfully submitted,

9                                                 RACHEL VAN MULLEM
                                                  COUNTY COUNSEL
10

11                                               By: /S/ - Callie Patton Kim
                                                      Callie Patton Kim
12                                                    Senior Deputy County Counsel
                                                 Attorneys for Respondents and Defendants,
13                                               COUNTY OF SANTA BARBARA and
                                                 SANTA BARBARA COUNTY BOARD
14                                               OF SUPERVISORS

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*SANTA BARBARA
COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950*

- 28 -
DEFENDANTS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES