UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 25-4165-DMG (AGRx) | Date | July 25, 2025 |
|---|---|---|---|

| Title | Sable Offshore Corp., et al. v. County of Santa Barbara, et al. | Page | 1 of 9 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER GRANTING MOTION TO INTERVENE [25]**

Petitioners and Plaintiffs Sable Offshore Corp. ("Sable Offshore"), Pacific Pipeline Company ("PPC"), and Pacific Offshore Pipeline Company ("POPCO") (collectively, "Sable") and Petitioners and Plaintiffs Exxon Mobil Corporation ("ExxonMobil"), Mobil Pacific Pipeline Company ("MPPC"), and ExxonMobil Pipeline Company ("EMPCo") (collectively, "Exxon Mobil Affiliates") (together with Sable, "Petitioners") filed this action on May 8, 2025, against Respondents and Defendants County of Santa Barbara (the "County") and Santa Barbara County Board of Supervisors (the "Board") (collectively, "Respondents").  [Doc. # 1 ("Compl.").]  Respondents filed an Answer on May 30, 2025.  [Doc. # 21.]

On June 6, 2025, the Court bifurcated this action into Phase I and Phase II and set deadlines for Phase I.  [Doc. # 24.]  Petitioners filed their Motion for Summary Judgment with regard to Phase I on July 3, 2025.  [Doc. # 36.]  Respondents' Response is due August 4, 2025, and Petitioners' Reply is due August 25, 2025.  [Doc. # 24 at 2.][1]

Five non-profit environmental organizations, Environmental Defense Center ("EDC"), Get Oil Out! ("GOO!"), Santa Barbara County Action Network ("SBCAN"), Sierra Club, and Santa Barbara Channelkeeper ("SBCK") (collectively, "Proposed Intervenors") filed a motion to intervene pursuant to Federal Rule of Civil Procedure 24 on June 12, 2025.  [Doc. # 25 ("MTI").]  Respondents do not oppose, but Petitioners do.  [Doc. ## 26, 29 ("Opp."), 35 ("Reply").]

Upon due consideration of the parties' arguments, the Court **GRANTS** the motion to intervene.

---

[1] All page citations herein refer to the number inserted by the CM/ECF system.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk DD |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 25-4165-DMG (AGRx) | Date | July 25, 2025 |
| Title | *Sable Offshore Corp., et al. v. County of Santa Barbara, et al.* | Page | 2 of 9 |

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

The POPCO facility and Santa Ynez Unit (the "facilities") are onshore oil and gas production and transportation facilities located in Santa Barbara County and connected to offshore platforms Hondo, Harmony, and Heritage. Compl. at ¶ 26, Ex. 1 at 4 [Doc. # 1-1]. The POPCO facility is an onshore gas production facility located in Las Flores Canyon (FDPs 93-FDP-015 and 74-CP-ll). *Id.* at ¶ 28. The Santa Ynez Unit, as referred to here, consists of the onshore oil processing facility also located in Las Flores Canyon (FDP 87-DP-32cz). *Id.* at ¶ 29, Ex. 1 at 4; Decl. of Linda Krop ("Krop Decl.") at ¶ 6 [Doc. # 25-1]. The Las Flores Pipeline (the "pipeline"), formerly known as the Plains All American Pipeline, transports oil produced from the Santa Ynez Unit to the Pentland Station in Kern County (FDPs 88-DPF-033 (RV01)z, 88-CP-60 (RV01), 88-DPF-25cz, 85-DP-66cz, and 83-DP-25cz). Compl. at ¶ 27, Ex. 1 at 4.

All oil and gas facilities in Santa Barbara County must have Final Development Permits ("FDPs") in order to operate. Compl. at ¶¶ 1, 2. Transfer of FDPs is governed by Santa Barbara County Code Chapter 25B. *Id.* at ¶ 3. The purpose of Chapter 25B is:

> to protect public health and safety, and safeguard the natural resources and environment of the county of Santa Barbara, by ensuring that safe operation, adequate financial responsibility, and compliance with all applicable county laws and permits are maintained during and after all changes of owner, operator or guarantor of certain oil and gas facilities.

Chapter 25B-1. Any change in owner or guarantor requires application and approval by the County. Chapter 25B-4(e), (g). Proposed Intervenor EDC supported and participated in the County's adoption of Chapter 25B in 2002. Krop Decl. at ¶ 5.

In February of 2024, Sable Offshore acquired PPC, POPCO, the facilities, and the pipeline, from the Exxon Mobil Affiliates for $625,000,000. *Id.* at ¶ 2; MTI at 9 (citing AR-3204-3205). To fund this purchase, Sable secured a $622,000,000 loan from Exxon. MTI at 9 (citing AR-3204-3205). The Santa Barbara County Planning Commission held a public hearing on the application on October 30, 2024. Compl. at ¶ 59. Prior to the hearing, the County Staff released a Report recommending the Planning Commission approve Sable's application to transfer the FDPs. Compl. at ¶¶ 4, 58, Ex. 1. Proposed Intervenors submitted written comments and testified at the hearing in opposition to the transfer. Decl. of Walter Morton ("Morton Decl.") at ¶ 10 [Doc. # 25-7]; Decl. of Maureen Ellenberger ("Ellenberger Decl.") at ¶ 10 [Doc. # 25-4]; Decl. of Michael Lyons ("Lyons Decl.") at ¶¶ 9, 10 [Doc. # 25-6]; Decl. of Ken Hough ("Hough Decl.") at ¶ 9 [Doc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 25-4165-DMG (AGRx) | Date | July 25, 2025 |
| Title | Sable Offshore Corp., et al. v. County of Santa Barbara, et al. | Page | 3 of 9 |

# 25-5]; Decl. of Alex Katz ("Katz Decl.") at ¶ 8 [Doc. # 25-2]; Krop Decl. at ¶ 13.[2] The Planning Commission adopted the Staff Report and approved the application in a three to one vote. Compl. at ¶¶ 5, 58, 59; MTI at 10 (citing AR-002007-002009).

Proposed Intervenors EDC, GOO!, and SBCAN filed an appeal of the Planning Commission's approval to the Board.[3] Compl. at ¶¶ 6, 63. The Board held a public hearing on February 25, 2025. *Id.* at ¶¶ 7, 68. SBCK and Sierra Club submitted comments and testified at the Board hearing. *Id.* at ¶ 66; Morton Decl. at ¶ 11; Ellenberger Decl. at ¶ 11. EDC, GOO!, and SBCAN submitted a comment letter to the Board in support of their appeal. Compl. at ¶¶ 64, 66; MTI at 11 (citing AR-003200-003472). The County issued a Staff Report that recommended the Board deny the Appeal. *Id.* at ¶ 65. With one member of the Board recused, the Board ended up with a two to two tie vote. *Id.* at ¶¶ 7, 70.

Sable sent two letters to the County asserting that the tie vote left the Planning Commission's approval intact, thereby permitting transfer. *Id.* at ¶¶ 76, 77. Sable requested the County promptly transfer the FDPs. *Id.* EDC submitted letters to the Board in opposition. Krup Decl. at ¶ 16. The County did not respond to EDC's letters. *Id.* at ¶ 17. The Board went into closed session to discuss the issue during its April 16, 2025 meeting, and did not take action following the meeting. Compl. at ¶¶ 78, 79. As of the date of the Complaint, the County has not transferred the FDPs. *Id.* at ¶ 79.

Petitioners contend, in sum, that the County should transfer the permits to them and their failure to do so violates Chapter 25B (Compl. at ¶¶ 83–105), the Takings Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 19 of the California Constitution (Compl. at ¶¶ 106–119), and the Supremacy Clause of the United States Constitution and Article XI, Section 7 of the California Constitution (Compl. at ¶¶ 120–129).

The Proposed Intervenors submitted declarations from, and/or on behalf of, their members who live, work, and recreate in areas that would be affected by operation of the facilities and pipeline. *See* Katz Decl. at ¶¶ 6, 7 (EDC); Ellenberger Decl. at ¶¶ 3, 5, 7 (Sierra Club); Hough

---

[2] GOO!, SBCAN, Sierra Club, and SBCK are clients of EDC. Krup Decl. at ¶ 4. EDC was hired by GOO! and SBCAN to oppose the proposed transfer, and later added the Sierra Club and SBCK to its appeal as clients. *Id.* at ¶ 13, 14.

[3] Two other non-profit environmental organizations also filed an appeal. Compl. at ¶ 63. These organizations (Center for Biological Diversity and Wishtoyo Foundation) are not Proposed Intervenors in the MTI at hand. *Id.* The Board considered both appeals. *See* Compl. Ex. 2 at 4 [Doc. # 1-2].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 25-4165-DMG (AGRx) | Date | July 25, 2025 |
|---|---|---|---|

| Title | Sable Offshore Corp., et al. v. County of Santa Barbara, et al. | Page | 4 of 9 |
|---|---|---|---|

Decl. at ¶¶ 3, 5 (SBCAN); Morton Decl. at ¶¶ 3, 5, 7 (SBCK); Lyons Decl. at ¶¶ 4, 5 (GOO!). They also filed a proposed Answer. [Doc. # 25-8.]

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 24 sets forth the standard for intervention as of right and permissive intervention. Rule 24(a)(2), intervention of right, requires a court, on timely motion, to permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Court is required to take "all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

When analyzing a motion to intervene as of right under Rule 24(a)(2), the Ninth Circuit applies a four-part test:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (*en banc*) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)). The proposed intervenor has the burden to show the four elements are met. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (internal citation omitted). The Court broadly interprets these elements in favor of intervention. *Id.*

Rule 24(b)(1), permissive intervention, allows the Court in its discretion to permit intervention if: (1) independent grounds for jurisdiction exist; (2) the request is timely; and (3) the applicant's claim or defense and the main action share common questions of law or fact. Fed. R. Civ. P. 24(b)(1)(B); *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009). The Court must consider whether "the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 25-4165-DMG (AGRx) | Date | July 25, 2025 |
|---|---|---|---|
| Title | Sable Offshore Corp., et al. v. County of Santa Barbara, et al. | Page | 5 of 9 |

## III. DISCUSSION

### A. Intervention of Right

#### 1. Timeliness

The motion to intervene is undoubtedly timely. *See W. Watersheds Project v. Haaland*, 22 F.4th 828, 836 (9th Cir. 2022). The Proposed Intervenors filed their motion only one month after the Complaint was filed and before the Court bifurcated the action. Furthermore, they agree to adhere to the existing briefing schedule for Phase I. MTI at 17. There will be no prejudice, disruption, or delay. *See generally W. Watersheds Project*, 22 F.4th at 836-840. Petitioners seem to concede this point and do not contest the timeliness of the motion. *See generally* Opp. at 14–27.

#### 2. Protectable Interest and Impairment

The "operative inquiry" to determine a "significantly protectable" interest is "whether the 'interest is protectable under some law' and whether 'there is a relationship between the legally protected interest and the claims at issue.'" *Wilderness Soc.*, 630 F.3d at 1180 (quoting *Sierra Club*, 995 F.2d at 1484). This is a "practical, threshold inquiry" and "no specific legal or equitable interest need be established." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996) (internal quotations omitted). Here, the Proposed Intervenors have multiple interests in this action: (1) the Proposed Intervenors were involved in the Chapter 25B administrative process; and (2) the Proposed Intervenors have demonstrated an interest in the conservation of the environment.

EDC was involved in Chapter 25B since its inception. It supported the County's adoption of Chapter 25B and participated in its enactment by testifying at the public hearing held by the Board in 2002. Krup Decl. at ¶ 5. The Ninth Circuit generally allows public interest groups to intervene where they were "directly involved in the enactment of the law or in the administrative proceedings out of which the litigation arose." *Nw. Forest Res. Council*, 82 F.3d at 837 (collecting cases); *see also Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (collecting cases) and *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) ("[A] public interest group that has supported a measure . . . has a "significant protectable interest" in defending the legality of the measure").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 25-4165-DMG (AGRx) | Date | July 25, 2025 |
| Title | Sable Offshore Corp., et al. v. County of Santa Barbara, et al. | Page | 6 of 9 |

More importantly, it is EDC's appeal—made for itself and on the other Proposed Intervenors' behalf—that is at issue in this action. The Board reviewed the Planning Commission's approval pursuant to EDC's appeal. EDC retains an interest in seeing its appeal upheld, as exemplified through Petitioners and EDC's exchange of letters to the Board following the tie vote. Indeed, all of the Proposed Intervenors actively participated in the process through testimony and comments, and their total involvement here goes beyond "mere[] exercise" of a right to provide comment." Opp. at 16–17.

Petitioners claim this action has no connection to the environment and simply involves the transfer of permits from one oil company to another. Opp. at 17–18. Petitioners' argument is unavailing. One codified purpose of Chapter 25B is to "safeguard the natural resources and environment of the county of Santa Barbara." Chapter 25B-1. Chapter 25B does not merely provide for the transfer of FDPs, it creates an administrative process designed to bar the transfer of FDPs to a transferee that would place the environment at risk.

The Proposed Intervenors have a well-recognized interest in the conservation, use, and enjoyment of the land related to this action, as shown in their declarations. *See Citizens for Balanced Use*, 647 F.3d at 897 ("Applicants have a significant protectable interest in conserving and enjoying the wilderness character of the [area]"); *United States v. Carpenter*, 526 F.3d 1237, 1240 (9th Cir. 2008) ("we held that the intervenors were entitled to intervene because they had the requisite interest in seeing that the wilderness area be preserved for the use and enjoyment of their members.").[4]

Moreover, as a practical matter, Sable cannot restart oil and gas processing and transport in the facilities and pipeline without an FDP. *See Sw. Ctr. for Biological Diversity*, 268 at 822 ("If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene."). A writ of mandamus by this Court directing the County to transfer the FDP would impair the Proposed Intervenors' interests because it would effectively resolve their appeal and threaten the environment that the members of the

---

[4] Petitioners' citations are unpersuasive in the face of longstanding Ninth Circuit authority, or are inapplicable to the case at hand. *See* Opp. at 18 (citing *Pub. Serv. Co. of New Hampshire v. Patch*, 136 F.3d 197, 204 (1st Cir. 1998) and *Roman Cath. Bishop of Monterrey v. Cota*, No. CV 15-8065-JFW (RAOx), 2016 WL 320741, at *6 (C.D. Cal. Jan. 8, 2016) (denying an untimely motion to intervene in a quiet title action where judgment was entered more than 100 years ago), *aff'd sub nom. Roman Cath. Bishop of Monterey v. Cota*, 711 F. App'x 428 (9th Cir. 2018)). Similarly, the district court's single page order denying intervention as of right but allowing permissive intervention is unhelpful. Opp. at 17 (citing *Greater Yellowstone Coal., Inc. v. Servheen*, No. CV 07-134-M (DWMx), 2008 WL 11348733, at *1 (D. Mont. Apr. 25, 2008)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 25-4165-DMG (AGRx) | Date | July 25, 2025 |
|---|---|---|---|
| Title | Sable Offshore Corp., et al. v. County of Santa Barbara, et al. | Page | 7 of 9 |

Proposed Intervenors use and enjoy—the very risks Chapter 25B is meant to prevent. *See Citizens for Balanced Use*, 647 F.3d at 897-898.

### 3. Adequacy of Representation

"The burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *W. Watersheds Project*, 22 F.4th at 840 (quoting *Citizens for Balanced Use*, 647 F.3d at 898). The Court considers three factors: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Id.* at 840-841 (quoting *Citizens for Balanced Use*, 647 F.3d at 898).

The "most important factor" is "how the interest compares with the interests of existing parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). Where the existing party and the proposed intervenor share the same "ultimate objective," there is a presumption the existing party adequately represents the proposed intervenor's interests. *W. Watersheds Project*, 22 F.4th at 841; *Arakaki*, 324 F.3d at 1086. A "compelling showing" of inadequacy of representation is required to rebut this presumption. *Arakaki*, 324 F.3d at 1086; *Citizens for Balanced Use*, 647 F.3d at 898. Similarly, where the government is acting on behalf of a constituency that it represents, there is an assumption of adequacy. *Arakaki*, 324 F.3d at 1086 (citing *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 401 (9th Cir. 2002)). A "compelling showing to the contrary" is required to rebut this assumption. *Id.* Still, intervention of right "does not require an *absolute certainty* that a party's interests will be impaired or that existing parties will not adequately represent its interests." *Citizens for Balanced Use*, 647 F.3d at 900 (emphasis added).

Unlike other cases where petitioners challenge the legality of the measure itself, Petitioners here do not challenge the legality of Chapter 25B. *See, e.g.*, *Prete*, 438 F.3d at 954; *Idaho Farm Bureau Fed'n*, 58 F.3d at 1397. Instead, Petitioners challenge the County's inaction after the Board's tie vote. *See* Compl. at ¶¶ 80, 81. Logically, Respondents' interests are to defend and uphold the County's inaction following the Board's closed session. *See* Answer at ¶¶ 75, 78; MTI at 23. On the other hand, the Proposed Intervenors have a demonstrated interest in *reversing* the Planning Commission's approval and they have affirmatively asserted their stance on the legal implications of the tie vote to Respondents. *See* Reply at 16. Moreover, the County may have an interest in upholding its Planning Commission's initial approval of the transfer—the very decision Proposed Intervenors appealed. Respondents and Proposed Intervenors hold "fundamentally differing points of view . . . on the litigation as a whole." *Citizens for Balanced Use*, 647 F.3d at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 25-4165-DMG (AGRx) | Date | July 25, 2025 |
|---|---|---|---|
| Title | Sable Offshore Corp., et al. v. County of Santa Barbara, et al. | Page | 8 of 9 |

899. Because of this fundamental difference, it is likely the Respondents will not advance the same arguments as the Proposed Intervenors, and therefore that representation of the Proposed Intervenors' interests may be inadequate. *See Sw. Ctr. for Biological Diversity*, 268 F.3d at 824.[5] Intervention as of right is therefore warranted.

B.  **Permissive Intervention**

Because the Court finds the Proposed Intervenors may intervene as of right, it need not consider permissive intervention. Nevertheless, even if the Court concluded it was not warranted, the Court would have allowed intervention as a matter of discretion. Independent subject matter question jurisdiction, specifically federal question jurisdiction, exists, the request is timely, and there are common questions of law and fact. There would be no delay or prejudice to Petitioners because the Proposed Intervenors agree to adhere to the existing briefing schedule. Moreover, the arguments of the Proposed Intervenors will add an important perspective to the litigation.

C.  **Scope of Intervention**

Petitioners assert in an offhand footnote that the Proposed Intervenors only seek to intervene in Phase I of this action. Opp. at 7 n.1. Petitioners intend to raise their constitutional claims in Phase II. Opp. at 8. The interests of the Proposed Intervenors and the subject of the litigation (the County's non-transfer of the FDPs) remain the same in Phase II. *See Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) (holding the proposed intervenor's interest and adequacy of representation are measured in relation to the "the subject of the action" not "the particular issue before the court at the time of the motion"); Reply at 20–21. The Court will therefore allow intervention as to both Phases and all of Petitioners' claims.

---

[5] Additionally, the Proposed Intervenors contend they will contribute necessary elements to the proceeding that Respondents would neglect. Namely, they argue they represent environmental and conservation interests and concerned members in Santa Barbara County who would otherwise go unheard. MTI at 24–25; Reply at 17. Petitioners again assert Chapter 25B has no relationship to the environment, which the Court rejects for the same reasons previously stated. Opp. at 23–24. Although the Court recognizes the Proposed Intervenors would add an important perspective to the litigation, this argument sounds similar to "expertise" arguments rejected by the Ninth Circuit. *See Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 621 (9th Cir. 2020) (holding an expertise in environmental issues does not warrant intervention of right) (citing *Prete v. Bradbury*, 438 F.3d 949, 958-959 (9th Cir. 2006) (holding expertise in the subject is insufficient)). Regardless, this is not the most important factor in the Court's inquiry.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 25-4165-DMG (AGRx) | Date | July 25, 2025 |
|---|---|---|---|
| Title | *Sable Offshore Corp., et al. v. County of Santa Barbara, et al.* | Page | 9 of 9 |

## IV.
## CONCLUSION

In light of the foregoing, the Proposed Intervenors' motion to intervene is **GRANTED**. The Proposed Intervenors shall file their Response to Petitioners' Motion for Summary Judgment in Phase I by **August 4, 2025**. *See* Doc. # 24.

**IT IS SO ORDERED**.