SANTA BARBARA COUNTY COUNSEL
RACHEL VAN MULLEM, County Counsel
CALLIE KIM, Deputy County Counsel (SBN 257213)
105 East Anapamu Street, Suite 201
Santa Barbara, California 93101
Telephone (805) 568-2950 / Fax (805) 568-2982
E-mail: ckim@countyofsb.org

Attorneys for Respondents and Defendants
COUNTY OF SANTA BARBARA and
SANTA BARBARA COUNTY
BOARD OF SUPERVISORS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABLE OFFSHORE CORP. et al.<br><br>Petitioners/Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA BARBARA, et al<br><br>Respondents/Defendants.<br><br>and<br><br>ENVIRONMENTAL DEFENSE CENTER, et al.<br><br>Intervenors. | Case No: 2:25-cv-04165-DMG-AGR<br><br>**RESPONDENTS SANTA BARBARA COUNTY AND SANTA BARBARA COUNTY BOARD OF SUPERVISORS' REQUEST TO TAKE JUDICIAL NOTICE**<br><br>[Filed concurrently with Response to Petitioner's Motion for Summary Judgment; Response to Petitioners' Statement of Uncontroverted Facts and Conclusions of Law; and [Proposed] Order]<br><br>Complaint Filed: May 8, 2025<br><br>Date: September 12, 2025<br>Time: 2:00 p.m.<br>Ctrm.: 8C<br>Judge: Hon. Dolly M. Gee<br>Mag. Judge: Hon. Alicia G. Rosenberg |

SANTA BARBARA
COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950

- 1 -
COUNTY'S REQUEST TO TAKE JUDICIAL NOTICE

# REQUEST TO TAKE JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Respondents County of Santa Barbara and Santa Barbara County Board of Supervisors respectfully request that the Court take judicial notice of the document listed below for the purpose of establishing the facts of what is or was the governing law in the County of Santa Barbara ("County") in support of Respondents' Response to Petitioners' Motion for Summary Judgment.

Federal Rule of Evidence 201 governs judicial notice of adjudicative facts. Fed. R. Evid. 201(a). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201 (c)(2).

The court may take judicial notice of undisputed matters of public record. *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir. 2001); *Harris v. County of Orange,* 682 F.3d 1126, 1132 (9th Cir. 2012). A public entity's ordinances are proper subjects for judicial notice. *Santa Monica Food Not Bombs v. City of Santa Monica,* 450 F.3d 1022, 1025 n.2. (9th Cir. 2006); *Seider v. City of Malibu*, No. CV 20-8781 PA (MRWx), 2021 WL 1535537, *4-5 (C.D. Cal. March 1, 2021). The following document therefore may be judicially noticed:

1. A true and correct copy of Chapter 25B of the County of Santa Barbara's Code of Ordinances ("CHANGE OF OWNER, OPERATOR, OR GUARANTOR FOR CERTAIN OIL AND GAS FACILITIES") attached hereto as **Exhibit A**. Chapter 25B is a certified public record that can be accessed on the County's official website found at: https://www.countyofsb.org/1741/County-Ordinances.

SANTA BARBARA COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950

Dated: August 1, 2025

Respectfully submitted,

RACHEL VAN MULLEM
COUNTY COUNSEL

By: /S/ - Callie Patton Kim
    Callie Patton Kim
    Senior Deputy County Counsel
Attorneys for Respondents and Defendants,
COUNTY OF SANTA BARBARA and
SANTA BARBARA COUNTY BOARD
OF SUPERVISORS

# Exhibit A

CHAPTER 25B - CHANGE OF OWNER, OPERATOR, OR GUARANTOR FOR CERTAIN OIL AND GAS FACILITIES

Sec. 25B-1. - Purposes of chapter.

The purposes of this chapter are to protect public health and safety, and safeguard the natural resources and environment of the county of Santa Barbara, by ensuring that safe operation, adequate financial responsibility, and compliance with all applicable county laws and permits are maintained during and after all changes of owner, operator or guarantor of certain oil and gas facilities.

(Ord. No. 4453, § 1)

Sec. 25B-2. - Applicability.

This chapter shall apply to any person who owns, operates or guarantees performance for or who seeks to own, operate or guarantee performance for any of the following facilities located in the unincorporated areas of the county of Santa Barbara:

(1) Any facility involved in exploration, production, processing, storage or transportation of oil or gas extracted from offshore reserves;

(2) Any oil refinery; and

(3) any pier, supply base, marine terminal or staging area within the County's jurisdiction that supports development of offshore oil and gas reserves.

(b) This chapter shall not apply to:

(1) the change of owner, operator or guarantor of the following:

a. sales gas pipelines operated by a public utility and regulated by the California Public Utilities Commission;

b. trucks, railroads;

c. facilities located in state waters;

(2) a change of ownership consisting solely of a change in percentage ownership of a facility and which does not entail addition or removal of an owner or affect any financial guarantee for a permit.

(Ord. No. 4453 § 1)

Sec. 25B-3. - Definitions.

As used in this chapter:

"Director" shall mean the Santa Barbara county director of planning and development.

"Existing guarantor" shall mean a guarantor who has guaranteed performance for an existing owner or operator, on the date of adoption of this chapter, but shall not include any person who is required to but has not yet obtained an amendment to a permit that requires county approval prior to listing that guarantor on the permit.

"Existing owner or operator" shall mean any person who owns or operates a facility identified as subject to this chapter pursuant to Sec. 25B-2 on the date of adoption of this chapter, but shall not include any person who owns or operates such a facility and is required to but has not yet obtained an amendment to a permit that requires county approval prior to the transfer of the permit to that owner or operator.

"Guarantor" shall mean any person who guarantees performance for any county permit or ordinance requirement for a facility subject to this chapter. For purposes of this chapter, guarantor may include any owner, operator, or third party.

"Major Incident" shall mean any accident that results in one or more of the following:

(1) an oil spill of fifty barrels or more, not including associated water, that escapes any device designed for spill containment and enters the environment;

(2) one or more fatalities or serious injuries that require significant medical intervention to members of the public who were situated outside the facility's premises when the incident occurred;

(3) evacuation of people outside the boundaries of the facility from which the release occurred; and

(4) a fire offsite or that spread offsite.

"Managing partner" of a partnership shall mean the partner formally designated and vested by the partnership with authority to make ordinary business decisions for the partnership on behalf of all partners.

"Operator" shall mean any person having day-to-day control or management of or responsibility for operations of a facility, or a portion thereof, subject to this chapter.

"Owner" shall mean any person that owns or leases a facility, or a portion thereof, subject to this chapter.

"Pending owner or operator" shall mean any person who owns or operates a facility subject to this chapter and is required to but has not yet obtained an amendment to any necessary permit that requires county approval prior to the transfer of the permit to that owner or operator.

"Person" shall include, but is not limited to, any individual, proprietorship, firm, corporation, partner, partnership, limited partnership, limited liability company, joint venture, business trust, or other business entity, or an association, or other organization.

(Ord. No. 4453, § 1)

Sec. 25B-4. - Requirements.

(a) Listing on Permit. Any person who owns or operates a facility that is subject to this chapter pursuant to section 25B-2 shall be listed as a permittee on the permit(s) issued for that facility, pursuant to chapter 35 of the county Code, or ordinances 661, 2919 or 3238. Any guarantor for such facility shall be listed on the applicable permit(s), identifying its responsibilities as guarantor. Should any owner, operator, or guarantor consist of a partnership, all partners shall be listed on the permit and the managing partner shall be identified in this list.

(b) Acceptance of Permit. Prior to being listed on a permit, any owner or operator of a facility that is subject to this chapter shall provide the county with a letter from a responsible official of the owner or operator formally accepting all conditions and requirements of the permit. This provision shall not apply to fractional interest owners that are not managing partners.

(c) Permits Not Transferable. Any permit issued or authorized pursuant to chapter 35 of the county Code, or Ordinances 661, 2919 or 3238, for a facility that is subject to this chapter shall not be transferable, whether by operation of law or otherwise, from any existing owner, operator, or guarantor to a new owner, operator, or guarantor, except in accordance with this chapter.

(d) Ongoing Notification. All owners, operators, and guarantors shall, as an ongoing requirement, notify the director in writing of any change in the information listed in Sec. 25B-6.a to 6.1.e within thirty days of such change.

(e) Change of Owner. Any change of owner, merger of the owner with another company, or change of form of business organization, shall require application and approval as provided in this chapter. Until a change of owner is approved pursuant to this chapter, the former owner(s) shall continue to be liable for compliance with all terms and conditions of the permit and any applicable county ordinances.

(f) Change of Operator. Any change of operator shall not occur until approved in accordance with this chapter, except as follows: Any change of operator that consists solely of a merger, change of form of business organization, or change of a non-managing partner (in cases where the operator is a partnership), but does not entail a substantive change to operations or personnel of the facility, shall require an application within thirty days of the change, as provided in Sec. 25B-6.3 for change of owner.

(g) Change of Guarantor. Any change of guarantor, including merger of the guarantor with another company or change of form of business organization, shall require application and approval as provided in this chapter. Until a change of guarantor is approved pursuant to this chapter, the former guarantor(s) listed on the permit shall continue to be liable for compliance with all terms and conditions of the permit and any applicable county ordinance.

(h) Liability for Compliance with Permit Conditions. Any owner, operator or guarantor listed on a permit pursuant to this chapter shall comply with all conditions of such permit, as applicable, to owners, operators and guarantors. Failure to comply with such permit conditions shall subject the

owner, operator or guarantor to the applicable penalty and enforcement provisions of chapter 35 or other applicable ordinance for such permits.

(i) Liability for Abandonment.

(1) The current owner or operator, as determined by the records of the director, of a facility subject to this chapter shall be responsible for the proper abandonment of the facility. If the director determines that the current owner or operator does not have the financial resources to fully cover the cost of abandoning the facility, the immediately preceding owner or operator shall be responsible for the cost of abandoning the facility.

(2) The director may continue to look seriatim to previous owners or operators until an owner or operator is found that the director determines has the financial resources to cover the cost of abandoning the facility. However, the director may not hold an owner or operator responsible for abandonment under this chapter that made a valid transfer of ownership or operation of the facility prior to April 16, 2002.

(Ord. No. 4453, § 1)

Sec. 25B-5. - Relation to permits and zoning ordinance.

(a) The provisions of this chapter shall, for applicable facilities, supersede any provision of chapter 35, Articles II and III, governing the transfer of permits for such facilities. The procedures of this chapter shall also supersede any procedures specified in any permit governing the transfer of permits for such facilities, but shall not invalidate any substantive requirements of such permits.

(b) Permit amendments approved pursuant to this chapter shall be entitled "25B Permit Amendments" and shall be enforceable as provided in this chapter.

(Ord. No. 4453, § 1)

Sec. 25B-6. - Applications.

(a) Existing Owners, Operators, and Guarantors. Within thirty days of the effective date of this chapter, any existing owner, operator or guarantor, shall submit a certification to the director, on a form approved by the director, specifying the following information regarding the current owner(s), operator(s), and guarantor(s):

(1) Name and address;

(2) Role in ownership, operation and management of facility, or in guaranteeing performance for an owner or operator;

(3) Names and addresses of official company representatives authorized and designated to execute applications, agreements and permits with the County on behalf of the company;

(4)

Description of the company business organization, including relation to parent companies, partnership composition (including percentage of ownership), and other information needed to fully and accurately disclose who it is that owns, operates, or is otherwise responsible for the facility;

    (5)  Any expiration date of any company described in Sec. 25B-6.1.a to 6.1.d, above.

(b)  Pending Owners and Operators. Within thirty days of the effective date of this chapter, any pending owner or operator shall submit an application to the director requesting transfer of the applicable permit(s).

(c)  New Owners or Deletion of Owners. Prior to any transfer of a permit to a new owner or deletion of an owner from a permit the current owner(s) and proposed owner shall submit an application to the director requesting such change. The application shall be filed before the transfer of ownership, or if not practicable, in no event, later than 30 days after the change of ownership.

(d)  New Operators. Prior to any transfer of permit to a new operator, the current permittee(s) and the proposed operator shall submit an application to the director requesting such transfer.

(e)  New Guarantors or Deletion of Guarantors. Prior to the listing of a new guarantor or the deletion of a guarantor on a permit, the permittee(s), the current guarantor, and, as appropriate, the proposed guarantor shall submit an application to the director requesting such transfer or deletion. The application shall be filed before the change of guarantor, or, in no event, later than thirty days after the change of guarantor.

(f)  Application Contents. Applications submitted pursuant to this chapter shall include the following information:

    (1)  Information Required for Applications for Change of Non-Managing Partners or Non-Managing Fractional Interest Owners Pursuant to Sec. 25B-9.4.

        a.  All information listed in Sec. 25B-6.1.a to 6.1.e of this chapter.

        b.  A brief statement of the changes or proposed changes.

    (2)  Information Required for All Applications, Except as Provided in Sec. 25B-6.6.a:

        a.  All information listed in Sec. 25B-6.1.a to 6.1.e of this chapter.

        b.  A detailed statement of the changes or proposed changes for which approval is sought.

        c.  General background information on any proposed new permittee or guarantor.

        d.  Financial information on any owner, operator, or other guarantor needed for the director or planning commission to make the financial guarantees finding. This information shall include the previous year's annual report, audited financial statements, and required SEC filings.

        e.  Any required letter accepting the permit(s).

        f.  Any other information that the director or the planning commission may require to approve any change in owner, operator, or guarantor in accordance with this chapter.

(3) Additional Information for Temporary Operator:

Evidence demonstrating that the proposed temporary operator has the necessary skills and training, as required by Sec. 25B-9.6.c.

(4) Additional Information for Change of Owner Under Sec. 25B-8. 1:

All documentation needed to make the findings required by this chapter, where applicable, for facility safety audit and compliance with existing requirements.

(5) Additional Information for Change of Operator Under Sec. 25B-8.2:

a. All documentation needed to make the findings required by this chapter for facility safety audit, compliance with existing requirements, and compliance plans.

b. Proposed transitional plan.

c. Evidence demonstrating that the proposed operator has the necessary skills, training, and resources as required by Sec. 25B-10.1.i.

(Ord. No. 4453, § 1)

Sec. 25B-7. - Listing of owners, operators, guarantors and temporary operators on permits.

1. Existing Owners, Operators, and Guarantors. The director shall list any existing owner, existing operator, or existing guarantor, as they are defined in Sec. 25B-3 of this chapter, on the appropriate permit(s) upon finding that such person has submitted all information required in Sec. 25B-6.1 and has complied with Sec. 25B-4.2, if applicable.

2. New Owners, Operators, Guarantors, and Temporary Operators. The director shall list any new owner, operator, guarantor, or temporary operator on the appropriate permit(s), and remove any previous owner, operator, guarantor, or temporary operator that no longer serves such role, upon approval of the permit transfer, pursuant to sections 25B-9 and 25B-10.

(Ord. No. 4453, § 1)

Sec. 25B-8. - Processing.

(a) Applications Under Jurisdiction of the Director.

(1) The director shall approve or deny any application to transfer a permit for changes that consist solely of the following:

a. change of ownership, including transfer of facility ownership to new owner(s), change of any partner of an owner, merger of a current owner with another company, or change in form of business organization of a current owner, such as change from corporation to limited partnership or limited liability company;

  b. merger of a current operator with another company, change in form of business organization of a current operator, or change of a non-managing partner (in cases where the operator is a partnership), provided such change does not entail a substantive change to operations or personnel of the facility;

  c. change of a guarantor;

  d. substitution of a temporary operator.

(2) Prior to approval of such application, the director shall make all findings required by Sec. 25B-9.1 to 9.6, as applicable, and shall take all actions necessary under Sec. 25B-9.7.

(3) A public hearing shall not be required for applications approved or denied by the director. Notice shall be given, however, at least ten days prior to the date of the director's decision, as provided in Santa Barbara County Code, <u>Chapter 35</u>, Article II, Section 35181.2 or Article III, Section 35-326.2, as appropriate.

(b) Applications Under Jurisdiction of the Planning Commission.

(1) The planning commission shall approve or deny any application to transfer a permit for change of operator, except as specifically placed under the director's jurisdiction in Sec. 25B-8.l.a.ii or 8.l.a.iv.

(2) Prior to approval of an application for change of operator, the planning commission shall make all findings required by Sec. 25B-10.1 and shall take all actions necessary under Sec. 25B-10.2.

(3) A public hearing shall be required for applications approved or denied by the planning commission. Notice shall be given at least ten days prior to the date of the hearing, as provided in Santa Barbara County Code, <u>Chapter 35</u>, Article II, Section 35-181.2 or Article III, Section 35-326.2, as appropriate.

(c) Combined Applications. Applications that include a component under the director's jurisdiction and another component under the planning commission's jurisdiction may, at the discretion of the director, be processed with a combined application and decided by the planning commission. In such cases the findings required for approval of the component that falls under the director's jurisdiction shall be those listed for a director's amendment (Sec. 25B-9.1 to 9.5, as appropriate).

(d) Application Completeness.

(1) An application shall be deemed accepted unless the director finds the application incomplete and notifies the applicant of incompleteness by mail within thirty calendar days of receipt of the application. Notice shall be deemed given when mailed.

(2) The applicant shall provide any additional information required by the director in an incompleteness letter within thirty calendar days of issuance of the letter. The director may extend the time period for good cause.

(Ord. 4453, § 1)

Sec. 25B-9. - Director approval: findings.

   (a)  Change of Owner.

The director shall approve an application for a change of owner only if the director makes the following findings, except as provided herein in Sec. 25B-9.2 to 9.6:

> (1) Fees and Exactions. All outstanding county required fees and exactions due for the facility have been paid.
>
> (2) Financial Guarantees. All necessary insurance, bonds or other instruments or methods of financial responsibility approved by the county and necessary to comply with the permit and any county ordinance have been updated, if necessary, to reflect the new owner(s) and will remain in full effect following the ownership change.
>
> (3) Acceptance of Permit. The proposed owner has provided a letter from a responsible official representing the proposed owner formally accepting all, conditions and requirements of the permit.
>
> (4) Facility Safety Audit. The current owner or operator has provided a copy of the most recent county-conducted comprehensive safety audit of the physical facility, along with a description of the status of implementing its recommendations, to the new or proposed new owner(s). A safety inspection maintenance and quality assurance program (SIMQAP) audit approved by the appropriate county official shall satisfy this requirement.
>
> (5) Compliance With Existing Requirements. As of the date that the application is deemed complete, the current owner(s) are in compliance with all requirements of the permit, including any requirement of a county-required safety audit, any notice of violation, and any county ordinance, or the current and proposed owner(s) have entered into a written agreement with the Director that specifies an enforceable schedule to come into compliance with such requirements.

   (b)  Mergers and Changes of Business organization of Owners or Operators.

The director shall approve an application to transfer a permit pursuant to Sec. 25B-8.1.a.ii for the merger of a current owner or operator with another company or change in form of business organization of a current owner or operator only if the director makes the following findings:

> (1) Fees and Exactions. All outstanding county required fees and exactions due for the facility have been paid.
>
> (2) Financial Guarantees. All necessary instruments or methods of financial responsibility approved by the county and necessary to comply with the permit and any county ordinance have been updated, if necessary, to reflect the new owner(s) or operator and

will remain in full effect following the ownership or operator change.

  (3) Acceptance of Permit. The proposed owner or operator has provided a letter from a responsible official representing the proposed owner or operator formally accepting all conditions and requirements of the permit. This provision shall not apply to fractional interest owners that are not managing partners.

 (c) Existing Partner Becomes Managing Partner. The director shall approve an application to modify a permit for a change of managing partner, where there is no change in partnership composition and the new managing partner has been a partner for one year or more, only if the director makes the following finding:

  (1) Acceptance of Permit. The new managing partner has provided a letter from a responsible official representing the new managing partner formally accepting all conditions and requirements of the permit.

 (d) Change of Non-Managing Partner of Owner. The Director shall approve an application to transfer a permit for a change of non-managing partner or non-operator under a joint operating agreement, where such person is not a guarantor, upon submission of a complete application and payment of any required application fees.

 (e) Change of Guarantor. The Director shall approve an application to modify a permit pursuant to Sec. 25B-8.1.a.iii for a change of guarantor only if the director makes the following finding:

  (1) Financial Guarantees. The proposed guarantor has provided all necessary instruments or methods of financial responsibility approved by the county and necessary to comply with the permit and any county ordinance.

 (f) Temporary Operator. The director may approve a qualified temporary operator pursuant to Sec. 25B-8.1.a.iv where the owner demonstrates to the satisfaction of the director that good cause exists for an immediate change of operator. The temporary operator may operate the facility for a period of no longer than six months. In order to approve a temporary operator, the director must make the following findings:

  (1) Financial Guarantees. All necessary insurance, bonds or other instruments or methods of financial responsibility approved by the county and necessary to comply with the permit and any county ordinance have been updated, if necessary, to reflect the new temporary operator and will remain in full effect following the operator change.

  (2) Acceptance of Permit. The proposed temporary operator has provided a letter from a responsible official representing the proposed temporary operator formally accepting all conditions and requirements of the permit.

  (3) Operator Capability. The proposed temporary operator has the skills and training necessary to operate the permitted facility in compliance with the permit and all applicable county codes and has a good working knowledge of the crucial compliance plans listed in Sec. 25B-10.1.f.

(g) Approval. Upon making the findings listed in Sec. 25B-9.1 to 9.6 the director shall approve the change of owner, operator, or guarantor, or approve the temporary operator. The director may impose additional conditions on the permit, except for applications approved under Sec. 25B-9.4, in order to ensure that any insurance or other financial guarantees that were submitted to and relied on by the director as a basis to make any finding required by this chapter are maintained.

(Ord. No. 4453, § 1)

Sec. 25B-10. - Planning commission approval: findings.

(a) The planning commission shall approve an application for change of operator only if the planning commission makes the following findings:

(1) Fees and Exactions. All outstanding county required fees and exactions due for the facility have been paid.

(2) Financial Guarantees. All necessary insurance, bonds or other instruments or methods of financial responsibility approved by the county and necessary to comply with the permit and any county ordinance have been updated, if necessary, to reflect the new operator and will remain in full effect following the operator change.

(3) Acceptance of Permit. The proposed operator has provided a letter from a responsible official representing the proposed operator formally accepting all conditions and requirements of the permit.

(4) Facility Safety Audit. The current owner or operator has provided a copy of the most recent county-conducted comprehensive safety audit of the physical facility, along with a description of the status of implementing its recommendations, to the proposed new operator. A safety inspection maintenance and quality assurance plan audit approved by the appropriate county official shall satisfy this requirement.

(5) Compliance With Existing Requirements. As of the date that the application is deemed complete, the current operator is in compliance with all requirements of the permit, including any requirements of a county-required safety audit, any notice of violation, and any county ordinance, or the owner and proposed operator have entered into a written agreement with the director that specifies an enforceable schedule to come into compliance with such requirements.

(6) Compliance Plans. The current owner and proposed operator have updated, where applicable, any existing, approved safety inspection maintenance and quality assurance program, emergency response plan, fire protection plan, and oil spill contingency plan, or equivalent approved plans, with current emergency contact information pertaining to the new operator. The current owner and proposed operator have agreed in writing to revise all other

plans required by the permit or any county ordinance, as necessary to reflect the change of operator, and to do so with sufficient diligence to obtain approval of the revised plans by the appropriate county official within six months after assuming operations.

(7) Transitional Plan. The current owner or operator and proposed operator have submitted a transitional plan that will demonstrate the proposed operator shall receive adequate training, including by means of cross training by the current operator, where feasible, and shall have a good working knowledge of the crucial compliance plans listed in Sec. 25B-10.1.f before assuming control of operations. The plan has been approved by the director. The planning commission may exempt the current owner and proposed operator from this requirement, or portions thereof, for good cause.

(8) Emergency Response Plan Drills. The proposed operator has adequately performed one or more county approved emergency response plan drills necessary to respond to emergency episodes that may occur at the facility.

(9) Operator Capability. The proposed operator has the skills, training, and resources necessary to operate the permitted facility in compliance with the permit and all applicable county codes and has demonstrated the ability to comply with compliance plans listed in section 25B-10.1.f. The director shall require relevant records of compliance, and corrective actions taken subsequent to any major incidents for facilities, if any, that are similar in nature to those that are the subject of the permit, as may be necessary to make findings. These records shall be used to provide sufficient assurance that the proposed operator does not reflect a record of non-compliant or unsafe operations systemic in nature for similar facilities to those being considered for operatorship.

(b) Upon making the findings listed in See. 25B-10.1, the planning commission shall approve the change of operator. The planning commission may impose additional conditions on the permit in order to ensure that any insurance or other financial guarantees that were submitted to and relied on by the planning commission as a basis to make any finding required by this chapter are maintained.

(Ord. No. 4453, § 1)

Sec. 25B-11. - Administration and Fees.

The director shall administer the procedures established by this chapter. Any applicant shall be assessed fees in an amount necessary to recover costs incurred by the county for processing applications for change of owner, operator, or guarantor required by this chapter. No application to change owner, operator, or guarantor shall be processed unless the applicant has entered into an agreement for payment of processing fees with the county and has provided the required deposit to cover a portion of the case processing fees.

(Ord. No. 4453, § 1)

Sec. 25B-12. - Appeals.

   (a) Appeals to the Planning, Commission.

      (1) The decision of the director to approve or deny an application may be appealed to the planning commission by the applicant or any interested person adversely affected by such decision. The appeal, which shall be in writing, and accompanying fee shall be filed with the planning and development department within ten calendar days following the date of the director's decision.

      (2) The appellant shall state specifically in the appeal how:

         a. the director's decision is inconsistent with the provisions or purposes of this chapter or;

         b. there was an error or abuse of discretion by the director.

      (3) Prior to the appeal hearing, the planning and development department shall transmit to the planning commission copies of the application, including all attachments and related materials, and a statement setting forth the reasons for the director's decision.

      (4) The planning commission hearing shall be de novo and the commission shall affirm, reverse, or modify the director's decision at a public hearing. Notice of the time and place of the hearing shall be given in accordance with Santa Barbara County Code, Section 35-326.2 (Noticing) or Section 35-181.2, as appropriate. Notice shall also be mailed to the appellant.

   (b) Appeals to the Board of Supervisors.

      (1) The decision of the planning commission to approve or deny an application may be appealed to the board of supervisors by the applicant or any interested person adversely affected by such decision. The appeal, which shall be in writing, and accompanying fee shall be filed with the clerk of the board of supervisors within ten calendar days following the date of the planning commission's decision.

      (2) The appellant shall state specifically in the appeal how:

         a. the planning commission's decision is inconsistent with the provisions or purposes of this chapter; or

         b. there was an error or abuse of discretion by the planning commission.

      (3) Prior to the appeal hearing, the clerk of the board of supervisors shall notify the planning commission that an appeal has been filed. The planning commission shall then transmit to the board of supervisors copies of the application, including all attachments and related materials, and a statement of findings setting forth the reasons for the planning commission's decision.

      (4)

The board of supervisors hearing shall be de novo and the board shall affirm, reverse, or modify the planning commission's decision at a public hearing. Notice of the time and place of the hearing shall be given in accordance with Santa Barbara County Code, Section 35-326.2 (Noticing) or Section 35-181.2, as appropriate. Notice shall also be mailed to the appellant.

(Ord. No. 4453, § 1)

Sec. 25B-13. - Enforcement.

1. Civil Penalties. Any owner, operator, guarantor, or permittee who fails to comply with the provisions of this chapter is subject to a civil penalty not to exceed twenty-five thousand dollars per day of operation. The director may elect to pursue any violation of this chapter, pursuant to chapter 24A of the county code (Administrative Fines and Penalties).

    (b) Criminal Penalties. Any person, whether as principal, agent, employee or otherwise, violating any provisions of this chapter shall be guilty of an infraction, and upon conviction thereof, shall be punishable by a fine not exceeding five hundred dollars for each violation. An offense that would otherwise be an infraction may, at the discretion of the district attorney, be filed as a misdemeanor. Upon conviction of a misdemeanor, punishment shall be a fine of not less than five hundred dollars nor more than twenty-five thousand dollars or imprisonment in the county jail for a period not to exceed six months or by both such fine and imprisonment. Each and every day during any portion of which any violation of this chapter is committed, continued or permitted by such person shall be deemed a separate and distinct offense.

    (c) Injunction. Whenever, in the judgment of the director, any person has engaged in, is engaged in, or is about to engage in any act(s) or practice(s) which constitute or will constitute a violation of the provisions of this chapter of the Santa Barbara County code, or any rule, regulation, requirement, or other order issued, promulgated, or executed thereunder, the district attorney or county counsel may make application to the superior court for an order enjoining such acts or practices, or for an order directing compliance, and upon a showing that such person has engaged in or is about to engage in any such acts or practices, a permanent or temporary injunction, restraining order, or other order may be granted. In any civil action brought pursuant to this chapter in which a temporary restraining order, preliminary injunction, or permanent injunction is sought, it shall not be necessary to allege or prove at any stage of the proceeding that irreparable damage will occur should the temporary restraining order, preliminary injunction, or permanent injunction not be issued; or that the legal remedies are inadequate.

    (d) Cumulative Remedies and Penalties. The remedies or penalties provided by this chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state.

(Ord. No. 4453, § 1)

Sec. 25B-14. - Severability.

If any provision of this chapter is determined to be invalid by a court of competent jurisdiction, the remaining provisions shall remain in full force and effect.

(Ord. No. 4453, § 1)