LINDA KROP (Bar No. 118773)
lkrop@environmentaldefensecenter.org
JEREMY M. FRANKEL (Bar No. 344500)
jfrankel@environmentaldefensecenter.org
TARA C. RENGIFO (Bar No. 307670)
trengifo@environmentaldefensecenter.org
ENVIRONMENTAL DEFENSE CENTER
906 Garden Street
Santa Barbara, CA 93101
Phone: (805) 963-1622
Fax: (805) 962-3152

*Attorneys for Environmental Defense Center,
Get Oil Out!, Santa Barbara County Action
Network, Sierra Club, and Santa Barbara
Channelkeeper*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| SABLE OFFSHORE CORP., et al. | Case No.: 2:25-cv-04165-DMG (AGRx) |
| Petitioners/Plaintiffs, | |
| v. | **DEFENDANT-INTERVENORS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES** |
| COUNTY OF SANTA BARBARA, et al. | |
| Respondents/Defendants, | Hon. Dolly M. Gee |
| and | Courtroom: 8C, First St. Courthouse |
| ENVIRONMENTAL DEFENSE CENTER, et al. | |
| Intervenors. | |

Defendant-Intervenors Environmental Defense Center ("EDC"), Get Oil Out! ("GOO!"), Santa Barbara County Action Network ("SBCAN"), Sierra Club, and Santa Barbara Channelkeeper ("SBCK") (collectively, "Defendants-Intervenors") hereby answer and respond to Petitioners/Plaintiffs Sable Offshore Corp. ("Sable Offshore"), Pacific Pipeline Company ("PPC"), and Pacific Offshore Pipeline Company ("POPCO") (collectively, "Sable") and Petitioners/Plaintiffs Exxon Mobil Corporation ("ExxonMobil"), Mobil Pacific Pipeline Company ("MPPC"), and ExxonMobil Pipeline Company ("EMPCo") (collectively, "ExxonMobil Affiliates") (together with Sable and Exxon, "Petitioners") Verified Petition for Writ of Mandate and Complaint for Declaratory Relief and Damages ("Petition"), as follows:

## INTRODUCTION

1.    In response to paragraph 1, Defendant-Intervenors admit that this case involves the County of Santa Barbara ("County") Board of Supervisors' ("Board") decision to not transfer Final Development Permits (collectively, the "Permits") or to recognize the owner, operator, and guarantor of three oil and gas facilities (the "Facilities") from the ExxonMobil Affiliates, the Facilities' owners, operators, and guarantors, to Sable. Except as so admitted, Defendant-Intervenors dispute the characterization of the Board's decision as "unlawful," that ExxonMobil Affiliates are the "prior" owners, operators, and guarantors of the Facilities, and that Sable is the "current and lawful" owners, operators, and guarantors of the Facilities, and on that basis, deny the allegations.

2.    In response to paragraph 2, Defendant-Intervenors admit that the Permits were issued by the County, the Permits initially authorized the construction of the Facilities, that compliance with the Permits is required to operate the Facilities, and that Sable plans to restart the Facilities. Except as so admitted, Defendant-Intervenors dispute the characterization of the Permits as "still valid" and "continu[ing] to authorize the ongoing operation and maintenance of the Facilities" as it relates to Sable's activities at

or associated with the Facilities. Except as so admitted, Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

3.    In response to paragraph 3, Defendant-Intervenors admit that County Code Chapter 25B (hereinafter, "Chapter 25B") provides a "formal process" to transfer the Permits to a new owner, operator, or guarantor. Except as so admitted, Defendant-Intervenors deny that Chapter 25B "provides a limited and formal process, through the County Planning Commission" and mandates permit transfer if "narrow requirements … are met," that are "largely focus[ed] on demonstrating that the new owner, operator, and guarantor of the permitted facilities have updated the permit information and agreed to comply with the [Permits] requirements." These statements in paragraph 3 contain legal conclusions or arguments that do not require a response and contain conclusory statements purporting to paraphrase or characterize Chapter 25B. To the extent these allegations may be deemed to require an answer, Chapter 25B speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with them.

4.    In response to paragraph 4, Defendant-Intervenors admit that County staff recommended approval and that the Planning Commission approved the change in owner, operator, and guarantor for the Facilities in October 2024. Except as so admitted, said paragraph contains conclusory statements purporting to paraphrase or characterize the contents of the 2024 Staff Report and statements of members of the Planning Commission. To the extent these allegations may be deemed to require an answer, the 2024 Staff Report and recorded statements of members of the Planning Commission speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documents. Defendant-Intervenors deny all remaining allegations.

5.      In response to paragraph 5, Defendant-Intervenors admit that the County Code provides that permit transfer approvals under Chapter 25B may be appealed to the Board.  Except as so admitted, Defendant-Intervenors deny that under Chapter 25B, "[t]he Board's role is solely to review and 'affirm, deny, or modify' the Planning Commission's decision," and "the Board is not authorized to take independent action on Chapter 25B permit transfers; it acts only as a reviewing body." Defendant-Intervenors contend that Chapter 25B-12(b)(4) mandates a *de novo* hearing before the Board. The statements in paragraph 5 contain legal conclusions or arguments that do not require a response and contain conclusory statements purporting to paraphrase or characterize Chapter 25B. To the extent these allegations may be deemed to require an answer, Chapter 25B speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with them.

6.      In response to paragraph 6, Defendant-Intervenors admit that two sets of organizations appealed the Planning Commission's approval to the Board. Except as so admitted, said paragraph contains legal conclusions or arguments that do not require a response and contains conclusory statements purporting to paraphrase or characterize the grounds for the appeals, Chapter 25B, and the effect of a decision by the Board on Sable and ExxonMobil Affiliates. To the extent these allegations may be deemed to require an answer, the appeals, Chapter 25B, and the transcript of the February 25 hearing speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with them. Defendant-Intervenors deny all remaining allegations.

7.      In response to paragraph 7, Defendant-Intervenors admit that at the February 2025 hearing, it was a split vote of the Board with the fifth supervisor recusing herself from the vote. Defendant-Intervenors contend that the Board heard the matter *de novo* at the February 2025 hearing and a non-majority vote by the Board is no action. Except as so admitted, the remaining allegations contain legal conclusions or arguments that do not require a response and contains conclusory statements purporting to paraphrase or

characterize the documented actions of the Board. To the extent these allegations may be deemed to require an answer, the documented actions of the Board speak for themselves, and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documented actions.

8.    In response to paragraph 8, the allegations contain legal conclusions or arguments that do not require a response. Defendant-Intervenors deny all remaining allegations.

9.    In response to paragraph 9, Defendant-Intervenors admit that the County has not transferred the Permits. Except as so admitted, the remaining allegations contain legal conclusions or arguments that do not require a response and contains conclusory statements purporting to paraphrase or characterize the effect of the County's actions on Petitioners. To the extent these allegations may be deemed to require an answer, the documented actions of the County speak for themselves, and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documented actions. Defendant-Intervenors deny all remaining allegations.

10.    In response to paragraph 10, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth about the "financial burdens on the Petitioners" and the "financial questions that require the ExxonMobil affiliates to invest substantial time, money and resources," and on that basis deny the allegations contained therein. The remaining allegations contain legal conclusions or arguments that do not require a response.

11.    In response to paragraph 11, Defendant-Intervenors admit that the County has not transferred the Permits but except as so admitted, Defendant-Intervenors deny that the County "refused" to transfer the Permits. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the "money, resources, and time in the Facilities" that Sable has invested and, on that basis, deny the allegations

contained therein. The remaining allegations contain legal conclusions or arguments that do not require a response.

## JURISDICTION AND VENUE

12.    In response to the allegations of paragraph 12, no response is necessary because Petitioners' allegations are conclusions of law. To the extent a response is necessary, Defendant-Intervenors deny the allegations in that paragraph.

13.    In response to the allegations of paragraph 13, no response is necessary because Petitioners' allegations are conclusions of law. To the extent a response is necessary, Defendant-Intervenors deny the allegations in that paragraph.

14.    In response to the allegations of paragraph 14, no response is necessary because Petitioners' allegations are conclusions of law. To the extent a response is necessary, Defendant-Intervenors deny the allegations in that paragraph.

15.    In response to the allegations of paragraph 15, Defendant-Intervenors admit that venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because Defendant-Respondents reside in this judicial district and a substantial part of the alleged events or omissions giving rise to this action occurred in this judicial district. Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 1.

## PARTIES

16.    In response to the allegations of paragraph 16, Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

17.    In response to the allegations of paragraph 17, Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

18.    In response to the allegations of paragraph 18, Defendant-Intervenors lack

DEFENDANT-INTERVENORS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT
FOR DECLARATORY RELIEF AND DAMAGES

knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

19.    In response to the allegations of paragraph 19, Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

20.    In response to the allegations of paragraph 20, Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

21.    In response to the allegations of paragraph 21, Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

22.    In response to the allegations of paragraph 22, Defendant-Intervenors admit the allegations.

23.    In response to the allegations of paragraph 23, Defendant-Intervenors admit the allegations.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES
## AND STANDING

24.    In response to the allegations of paragraph 24, no response is necessary because Petitioners' allegations are conclusions of law. To the extent a response is necessary, Defendant-Intervenors deny the allegations in that paragraph.

25.    In response to the allegations of paragraph 25, including footnote 2, said paragraph and footnote contain legal conclusions or arguments that do not require a response. To the extent a response is required, Defendant-Intervenors admit that the Board is composed of five members and deny all remaining allegations.

//
//
//

DEFENDANT-INTERVENORS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

# GENERAL ALLEGATIONS

## The Facilities

26.     In response to the allegations of paragraph 26, Defendant-Intervenors admit that the Facilities "are oil and gas production and transportation facilities spanning from Santa Barbara County to Kern County," and that "the Las Flores Pipeline ("Pipeline"), the POPCO facilities ("POPCO Facilities"), and Santa Ynez Unit ("SYU") are County-permitted facilities located within unincorporated Santa Barbara County that treat crude oil and natural gas from offshore platforms." Except as so admitted, said paragraph contains statements that are legal assertions, arguments, or conclusions and therefore no response is required. To the extent a response is required, Defendant-Intervenors deny all remaining allegations.

27.     In response to the allegations of paragraph 27, Defendant-Intervenors admit the allegations in the first sentence. Except as so admitted, said paragraph contains statements that are legal assertions, arguments, or conclusions and not material allegations and therefore no response is required. Defendant-Intervenors deny all remaining allegations.

28.     In response to the allegations of paragraph 28, Defendant-Intervenors admit the allegations in the first sentence. Except as so admitted, said paragraph contains statements that are legal assertions, arguments, or conclusions and not material allegations and therefore no response is required. Defendant-Intervenors deny all remaining allegations.

29.     In response to the allegations of paragraph 29, Defendant-Intervenors admit the allegations in the first sentence. Except as so admitted, said paragraph contains statements that are legal assertions, arguments, or conclusions and not material allegations and therefore no response is required. Defendant-Intervenors deny all remaining allegations.

//

DEFENDANT-INTERVENORS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT
FOR DECLARATORY RELIEF AND DAMAGES

## State and Federal Agency Jurisdiction

30.    In response to the allegations of paragraph 30, including footnotes 3 and 4, said paragraph and footnotes contain legal conclusions or arguments that do not require a response and contains conclusory statements purporting to paraphrase or characterize 49 U.S.C. § 108(b), Government Code §§ 51010, 51013.1, and the Settlement Agreement between Celeron Pipeline Company of California and the County of Santa Barbara dated on or around February 8, 1988. To the extent these allegations may be deemed to require an answer, the laws cited therein, and the Settlement Agreement speak for themselves, and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documents. Defendant-Intervenors deny all remaining allegations.

31.    In response to the allegations of paragraph 31, the provisions of the Government Code cited therein speak for themselves and are the best evidence of their contents. Defendant-Intervenors deny the allegations to the extent they are inconsistent with those provisions of the Government Code.

32.    In response to the allegations of paragraph 32, 2 CCR § 2129(a) speaks for itself and is the best evidence of its contents. Defendant-Intervenors deny the allegations to the extent they are inconsistent with the code.

33.    In response to the allegations of paragraph 33, 8 CCR §§ 6502, 6750 speak for themselves and are the best evidence of their contents. Defendant-Intervenors deny the allegations to the extent they are inconsistent with the code sections.

34.    In response to the allegations of paragraph 34, 43 USC § 1331 and 30 CFR § 550.101 speak for themselves and are the best evidence of their contents. Defendant-Intervenors deny the allegations to the extent they are inconsistent with the code sections.

35.    In response to the allegations of paragraph 35, said paragraph contains conclusory statements purporting to paraphrase or characterize Chapter 25B. To the extent these allegations may be deemed to require an answer, Chapter 25B speaks for itself, and Defendant-Intervenors deny the allegations to the extent that they are

DEFENDANT-INTERVENORS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT
FOR DECLARATORY RELIEF AND DAMAGES

inconsistent with Chapter 25B. Paragraph 35 contains statements that are legal assertions, arguments, or conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny these allegations.

## The Facilities' Vested Final Development Permits

36.    In response to the allegations of paragraph 36, Defendant-Intervenors admit the allegations in the first sentence. Except as so admitted, said paragraph contains statements that are legal assertions, arguments, or conclusions to which no response is required. Defendant-Intervenors deny all remaining allegations.

37.    In response to the allegations of paragraph 37, Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence and on that basis deny each and every allegation contained therein. The second, third, and fourth sentences contain legal conclusions or arguments that do not require a response and contain conclusory statements purporting to paraphrase or characterize the Permits. To the extent these allegations may be deemed to require an answer, the Permits speak for themselves, and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these Permits. Defendant-Intervenors deny all remaining allegations.

38.    In response to the allegations of paragraph 38, Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence and on that basis deny each and every allegation contained therein. The first sentence contains statements that are legal assertions, arguments, or conclusions to which no response is required. Defendant-Intervenors deny all remaining allegations.

39.    In response to the allegations of paragraph 39, Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein. Said paragraph contains legal conclusions or arguments that do not require a response and contain conclusory statements purporting to paraphrase or characterize the Permits. To the extent these

allegations may be deemed to require an answer, the Permits speak for themselves, and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these Permits. Defendant-Intervenors deny all remaining allegations.

## **County Code Chapter 25B**

40.    In response to the allegations of paragraph 40, Defendant-Intervenors admit that Chapter 25B was adopted by the County in 2001. Except as so admitted, the first sentence contains legal conclusions or arguments that do not require a response, and Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence and on that basis deny the remaining allegations contained therein. The remaining allegations in paragraph 40 describe or quote Chapter 25B. Chapter 25B speaks for itself and is the best evidence of its contents. Defendant-Intervenors deny the allegations to the extent they are inconsistent with Chapter 25B. Defendant-Intervenors deny all remaining allegations.

41.    In response to the allegations of paragraph 41, Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph and on that basis deny each and every allegation contained therein.

42.    In response to the allegations of paragraph 42, said paragraph includes legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant-Intervenors deny the allegations. Said paragraph contains legal conclusions or arguments that do not require a response and contain conclusory statements purporting to paraphrase or characterize Chapter 25B. To the extent these allegations may be deemed to require an answer, Chapter 25B speaks for itself, and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with Chapter 25B. Defendant-Intervenors deny all remaining allegations.

43.    In response to the allegations of paragraph 43, said paragraph contains legal conclusions or arguments that do not require a response and contains conclusory statements purporting to paraphrase or characterize Chapter 25B. To the extent these

DEFENDANT-INTERVENORS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

allegations may be deemed to require an answer, Chapter 25B speaks for itself, and
Defendant-Intervenors deny the allegations to the extent that they are inconsistent with
Chapter 25B. Defendant-Intervenors deny all remaining allegations.

44.    In response to the allegations of paragraph 44, said paragraph contains legal
conclusions or arguments that do not require a response and contains conclusory
statements purporting to paraphrase or characterize the contents of Chapter 25B. To the
extent these allegations may be deemed to require an answer, Chapter 25B speaks for
itself and Defendant-Intervenors deny the allegations to the extent that they are
inconsistent with these code sections. Defendant-Intervenors deny all remaining
allegations in that paragraph.

a. In response to the allegations of paragraph 44(a), said paragraph contains
legal conclusions or arguments that do not require a response and contains conclusory
statements purporting to paraphrase or characterize the contents of Chapter 25B. To
the extent these allegations may be deemed to require an answer, Chapter 25B speaks
for itself and Defendant-Intervenors deny the allegations to the extent that they are
inconsistent with these code sections. Defendant-Intervenors deny all remaining
allegations in that paragraph.

b. In response to the allegations of paragraph 44(b), said paragraph contains
legal conclusions or arguments that do not require a response and contains conclusory
statements purporting to paraphrase or characterize the contents of Chapter 25B. To
the extent these allegations may be deemed to require an answer, Chapter 25B speaks
for itself and Defendant-Intervenors deny the allegations to the extent that they are
inconsistent with these code sections. Defendant-Intervenors deny all remaining
allegations in that paragraph.

c. In response to the allegations of paragraph 44(c), said paragraph contains
legal conclusions or arguments that do not require a response and contains conclusory
statements purporting to paraphrase or characterize the contents of Chapter 25B. To

the extent these allegations may be deemed to require an answer, Chapter 25B speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these code sections. Defendant-Intervenors deny all remaining allegations in that paragraph.

d. In response to the allegations of paragraph 44(d), said paragraph contains legal conclusions or arguments that do not require a response and contains conclusory statements purporting to paraphrase or characterize the contents of Chapter 25B. To the extent these allegations may be deemed to require an answer, Chapter 25B speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these code sections. Defendant-Intervenors deny all remaining allegations in that paragraph.

e. In response to the allegations of paragraph 44(e), said paragraph contains legal conclusions or arguments that do not require a response and contains conclusory statements purporting to paraphrase or characterize the contents of Chapter 25B. To the extent these allegations may be deemed to require an answer, Chapter 25B speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these code sections. Defendant-Intervenors deny all remaining allegations in that paragraph.

f. In response to the allegations of paragraph 44(f), said paragraph contains legal conclusions or arguments that do not require a response and contains conclusory statements purporting to paraphrase or characterize the contents of Chapter 25B. To the extent these allegations may be deemed to require an answer, Chapter 25B speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these code sections. Defendant-Intervenors deny all remaining allegations in that paragraph.

g. In response to the allegations of paragraph 44(g), said paragraph contains legal conclusions or arguments that do not require a response and contains conclusory

DEFENDANT-INTERVENORS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

statements purporting to paraphrase or characterize the contents of Chapter 25B. To the extent these allegations may be deemed to require an answer, Chapter 25B speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these code sections. Defendant-Intervenors deny all remaining allegations in that paragraph.

h. In response to the allegations of paragraph 44(h), said paragraph contains legal conclusions or arguments that do not require a response and contains conclusory statements purporting to paraphrase or characterize the contents of Chapter 25B. To the extent these allegations may be deemed to require an answer, Chapter 25B speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these code sections. Defendant-Intervenors deny all remaining allegations in that paragraph.

i. In response to the allegations of paragraph 44(i), said paragraph contains legal conclusions or arguments that do not require a response and contains conclusory statements purporting to paraphrase or characterize the contents of Chapter 25B. To the extent these allegations may be deemed to require an answer, Chapter 25B speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these code sections. Defendant-Intervenors deny all remaining allegations in that paragraph.

45.    In response to the allegations of paragraph 45, including footnote 5, said paragraph and footnote contain legal conclusions or arguments that do not require a response and contain conclusory statements purporting to paraphrase or characterize the contents of Chapter 25B. To the extent these allegations may be deemed to require an answer, Chapter 25B speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these code sections. Defendant-Intervenors deny all remaining allegations in that paragraph.

DEFENDANT-INTERVENORS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

46.     In response to the allegations of paragraph 46, said paragraph contains legal conclusions or arguments that do not require a response and contains conclusory statements purporting to paraphrase or characterize the contents of Chapter 25B. To the extent these allegations may be deemed to require an answer, Chapter 25B speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these code sections. Defendant-Intervenors deny all remaining allegations in that paragraph.

47.     In response to the allegations of paragraph 47, said paragraph contains legal conclusions or arguments that do not require a response and contains conclusory statements purporting to paraphrase or characterize the contents of Chapter 25B. To the extent these allegations may be deemed to require an answer, Chapter 25B speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these code sections. Defendant-Intervenors deny all remaining allegations in that paragraph.

### 2023 ExxonMobil Transfer

48.     In response to the allegations of paragraph 48, Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations about "efforts by individuals and organizations" to "frustrat[e] operation of the Facilities," and the success of these efforts, and on that basis deny each and every allegation contained therein. The first and second sentences contain legal conclusions or arguments that do not require a response. To the extent a response is required, Defendant-Intervenors deny these allegations.

49.     In response to the allegations of paragraph 49, Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein. The first sentence contains legal conclusions or arguments that are immaterial and do not require a response. To the extent a response is required, Defendant-Intervenors deny these allegations.

50.     In response to the allegations of paragraph 50, Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein. Said paragraph contains legal conclusions or arguments that are immaterial and do not require a response and contains conclusory statements purporting to paraphrase or characterize the documented actions of the Planning Commission. To the extent these allegations may be deemed to require an answer, the documented actions of the Planning Commission speak for themselves, and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documented actions. Defendant-Intervenors deny all remaining allegations.

51.     In response to the allegations of paragraph 51, Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein. Said paragraph contains legal conclusions or arguments that are immaterial and do not require a response and contains conclusory statements purporting to paraphrase or characterize the documented actions of the appellants and the Board. To the extent these allegations may be deemed to require an answer, the documented actions of the appellants and the Board speak for themselves, and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documented actions. Defendant-Intervenors deny all remaining allegations.

52.     In response to the allegations of paragraph 52, Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein. Said paragraph contains legal conclusions or arguments that are immaterial and do not require a response and contains conclusory statements purporting to paraphrase or characterize the documented actions of the appellants and the Board. To the extent these allegations may be deemed to require an answer, the documented actions of the appellants and the Board speak for

themselves, and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documented actions. Defendant-Intervenors deny all remaining allegations.

53.    In response to the allegations of paragraph 53, Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein. Said paragraph contains legal conclusions or arguments that are immaterial and do not require a response and contains conclusory statements purporting to paraphrase or characterize the documented actions of the Board. To the extent these allegations may be deemed to require an answer, the documented actions of the Board speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documented actions. Defendant-Intervenors deny all remaining allegations.

54.    In response to the allegations of paragraph 54, Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein. Said paragraph contains legal conclusions or arguments that are immaterial and do not require a response and contains conclusory statements purporting to paraphrase or characterize the documented actions of the Board. To the extent these allegations may be deemed to require an answer, the documented actions of the Board speak for themselves, and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documented actions. Defendant-Intervenors deny all remaining allegations.

55.    In response to the allegations of paragraph 55, Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

//

//

//

**Commission Approval of Sable's Chapter 25B Applications and Appeals to Board**

56.    In response to the allegations of paragraph 56, Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

57.    In response to the allegations of paragraph 57, Defendant-Intervenors admit that Sable submitted applications to the County to authorize the change of owner, operator, and guarantor for the Facilities. Except as so admitted, said paragraph contains legal conclusions or arguments that do not require a response. To the extent a response is required, Defendant-Intervenors deny all remaining allegations in that paragraph.

58.    In response to the allegations of paragraph 58, Defendant-Intervenors admit that County staff received the applications on March 14, 2024 and issued a Notice of Submittal of Complete Application for a Change of Owner, Guarantor, and Operator for Certain Oil and Gas Facilities (County Code Chapter 25B) months later. Defendant-Intervenors admit that County staff recommended that the Planning Commission approve the Applications. Except as so admitted, said paragraph contains conclusory statements purporting to paraphrase or characterize the October 2024 Staff Report. To the extent these allegations may be deemed to require an answer, the October 2024 Staff Report speaks for itself, and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with this document. Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations related to "the 2023 transfer determinations" and on that basis deny these allegations contained therein. Defendant-Intervenors deny all remaining allegations.

59.    In response to the allegations of paragraph 59, Defendant-Intervenors admit that the Planning Commission approved the Applications by a vote of 3 to 1 at the hearing on October 30, 2024. Except as so admitted, Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny these allegations contained therein.

60.     In response to the allegations of paragraph 60, said paragraph contains
argument and conclusory statements purporting to paraphrase or characterize the contents
of the Staff Report dated October 22, 2024, the Planning Commission's Findings of
Approval, and Chapter 25B. To the extent these allegations may be deemed to require an
answer, the Staff Report dated October 22, 2024, Planning Commission's Findings of
Approval, and Chapter 25B speak for themselves and Defendant-Intervenors deny the
allegations to the extent that they are inconsistent with these documents. Except as so
denied, Defendant-Intervenors deny all remaining allegations.

61.     In response to the allegations of paragraph 61, said paragraph contains legal
conclusions or arguments that do not require a response, and argument and conclusory
statements purporting to paraphrase or characterize the contents of the Planning
Commission's Findings of Approval and Chapter 25B. To the extent these allegations
may be deemed to require an answer, the Planning Commission's Findings of Approval
and Chapter 25B speak for themselves and Defendant-Intervenors deny the allegations to
the extent that they are inconsistent with these documents. Except as so denied,
Defendant-Intervenors deny all remaining allegations.

62.     In response to the allegations of paragraph 62, Defendant-Intervenors admit
the allegations in that paragraph.

63.     In response to the allegations of paragraph 63, Defendant-Intervenors admit
the allegations in that paragraph.

64.     In response to the allegations of paragraph 64, said paragraph contains legal
conclusions or arguments that do not require a response, and argument and conclusory
statements purporting to paraphrase or characterize the contents of the appeal dated
November 5, 2024 ("CBD Appeal") filed by the Center for Biological Diversity and
Wishtoyo Foundation ("CBD Appellants") and the appeal dated November 7, 2024
("EDC Appeal") filed by the Environmental Defense Center, Get Oil Out!, and Santa
Barbara County Action Network ("EDC Appellants") (collectively, "Appeals" and

"Appellants"). To the extent these allegations may be deemed to require an answer, the Appeals speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documents. Except as so denied, Defendant-Intervenors deny all remaining allegations.

65.    In response to the allegations of paragraph 65, said paragraph contains legal conclusions or arguments that do not require a response, and argument and conclusory statements purporting to paraphrase or characterize the 2025 Board Letter. To the extent these allegations may be deemed to require an answer, the 2025 Board Letter speaks for itself, and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with this document. Except as so denied, Defendant-Intervenors deny all remaining allegations.

66.    In response to the allegations of paragraph 66, Defendant-Intervenors admit that prior to the hearing, both Petitioners and Appellants submitted letters and evidence to the Board. Except as so admitted, said paragraph contains legal conclusions or arguments that do not require a response, and argument and conclusory statements purporting to paraphrase or characterize the letters submitted to the Board by Petitioners and Appellants in advance of the February 25 Board hearing. To the extent these allegations may be deemed to require an answer, the letters speak for themselves, and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documents. Except as so denied, Defendant-Intervenors deny all remaining allegations.

67.    In response to the allegations of paragraph 67, said paragraph contains legal conclusions or arguments that do not require a response, and argument and conclusory statements purporting to paraphrase or characterize the letters submitted to the Board by the EDC Appellants in advance of the February 25 Board hearing. To the extent these allegations may be deemed to require an answer, the letters speak for themselves, and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documents. Except as so denied, Defendant-Intervenors lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny these allegations contained therein.

### Board No-Action Determination and Failure to Transfer FDPs

68.    In response to the allegations of paragraph 68, Defendant-Intervenors admit that the Board held a public hearing on the Appeals on February 25, 2025. Except as so admitted, said paragraph contains legal conclusions or arguments that do not require a response, and argument and conclusory statements purporting to paraphrase or characterize recorded statements made by EDC Appellants to the Board at the February 25 Board hearing. To the extent these allegations may be deemed to require an answer, the transcript of the hearing speaks for itself, and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with the transcript. Defendant-Intervenors deny the remaining allegations in that paragraph.

69.    In response to the allegations of paragraph 69, said paragraph contains legal conclusions or arguments that do not require a response. To the extent these allegations may be deemed to require an answer, Defendant-Intervenors deny the allegations. Paragraph 69 contains argument and conclusory statements purporting to paraphrase or characterize the arguments made by EDC Appellants. To the extent these allegations may be deemed to require an answer, Defendant-Intervenors deny the allegations. Defendant-Intervenors lack sufficient knowledge or information to admit or deny the allegations in the final sentence, and on that basis deny the allegations therein.

70.    In response to the allegations of paragraph 70, Defendant-Intervenors admit that Supervisor Joan Hartmann had recused herself from the proceedings and only four of the five supervisors were present at the February 25 hearing. Defendant-Intervenors admit that "the remaining four supervisors split the vote on a motion to" adopt County staff's recommendations, including granting *de novo* approval of the Applications, and also split the vote on a conceptual motion to uphold the appeals. Except as so admitted, said paragraph contains legal conclusions or arguments that do not require a response,

and argument and conclusory statements purporting to paraphrase or characterize the motion made at the February 25 Board hearing. To the extent these allegations may be deemed to require an answer, Defendant-Intervenors deny the allegations. Except as so denied, Defendant-Intervenors deny the remaining allegations in that paragraph.

71.    In response to the allegations of paragraph 71, said paragraph contains legal conclusions or arguments that do not require a response, and argument and conclusory statements purporting to paraphrase or characterize recorded statements made by Chair Laura Capps during the February 25 hearing. To the extent these allegations may be deemed to require an answer, the transcript of the hearing speaks for itself, and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with the transcript. Defendant-Intervenors deny the remaining allegations in that paragraph.

72.    In response to the allegations of paragraph 72, said paragraph contains legal conclusions or arguments that do not require a response, and argument and conclusory statements purporting to paraphrase or characterize recorded statements made by Supervisor Roy Lee during the February 25 hearing. To the extent these allegations may be deemed to require an answer, the transcript of the hearing speaks for itself, and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with the transcript. Defendant-Intervenors deny the remaining allegations in that paragraph.

73.    In response to the allegations of paragraph 73, Defendant-Intervenors admit that "the Board cannot act without three votes,…." Except as so admitted, said paragraph and footnote 6 contains legal conclusions or arguments that do not require a response. To the extent these allegations may be deemed to require an answer, Defendant-Intervenors deny the allegations.

74.    In response to the allegations of paragraph 74, said paragraph contains legal conclusions or arguments that do not require a response. To the extent these allegations may be deemed to require an answer, Defendant-Intervenors deny the allegations.

DEFENDANT-INTERVENORS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

75.     In response to the allegations of paragraph 75, said paragraph contains legal conclusions or arguments that do not require a response. To the extent these allegations may be deemed to require an answer, Defendant-Intervenors deny the allegations. Defendant-Intervenors lack sufficient knowledge or information to admit or deny the allegations in the second sentence, and on that basis deny the allegations therein.

76.     In response to the allegations of paragraph 76, Defendant-Intervenors admit that EDC Appellants sent a letter on March 1, 2025. Except as so admitted, said paragraph contains legal conclusions or arguments that do not require a response, and argument and conclusory statements purporting to paraphrase or characterize Sable's letter dated February 26, 2025 and EDC Appellants' letter dated March 1, 2025. To the extent these allegations may be deemed to require an answer, the letters speak for themselves, and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documents. Except as so denied, Defendant-Intervenors deny the remaining allegations in that paragraph.

77.     In response to the allegations of paragraph 77, said paragraph contains argument and conclusory statements purporting to paraphrase or characterize Sable's letter dated April 11, 2025. To the extent these allegations may be deemed to require an answer, the letter speaks for itself, and Defendant-Intervenors deny the allegations to the extent that it is inconsistent with this document.

78.     In response to the allegations of paragraph 78, Defendant-Intervenors admit that at the April 16, 2025 meeting, the Board went into closed session to discuss Sable's threat of litigation and that after closed session, County Counsel stated that no reportable action was taken.

79.     In response to the allegations of paragraph 79, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the allegations in that paragraph, and on that basis deny the allegations therein.

80.     In response to the allegations of paragraph 80, said paragraph contains legal conclusions or arguments that do not require a response. To the extent these allegations may be deemed to require an answer, Defendant-Intervenors deny the allegations.

81.     In response to the allegations of paragraph 81, said paragraph contains legal conclusions or arguments that do not require a response. To the extent these allegations may be deemed to require an answer, Defendant-Intervenors deny the allegations.

82.     In response to the allegations of paragraph 82, said paragraph contains legal conclusions or arguments that do not require a response. To the extent these allegations may be deemed to require an answer, Defendant-Intervenors deny the allegations.

## FIRST CAUSE OF ACTION

### Writ of Mandate – Failure to Comply with County Code Chapter 25B
### (Cal. Code Civ. Proc. § 1085) By Failing to Effectuate the Transfers

83.     In response to the allegations of paragraph 83, Petitioners reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 82 of its petition and complaint. Insofar as a response is required to paragraph 83, Defendant-Intervenors incorporate by reference their responses to those allegations as if fully set forth herein.

84.     In response to the allegations of paragraph 84, Defendant-Intervenors deny the allegations.

85.     In response to the allegations of paragraph 85, Defendant-Intervenors admit that the Planning Commission's approval was appealed to the Board and that one Board member is permanently recused from this matter. Except as so admitted, said paragraph contains legal assertions, arguments, or conclusions to which no response is required. To the extent a response is required, and except as so admitted, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the remaining allegations in that paragraph, and on that basis deny the remaining allegations therein.

86.     In response to the allegations of paragraph 86, said paragraph contains legal conclusions or arguments that do not require a response. To the extent a response is required, said paragraph contains conclusory statements purporting to paraphrase or characterize Chapter 25B. To the extent the allegations may be deemed to require an answer, Chapter 25B speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with Chapter 25B. Defendant-Intervenors deny all remaining allegations.

87.     In response to the allegations of paragraph 87, said paragraph contains legal conclusions or arguments that do not require a response. Paragraph 87 contains conclusory statements purporting to paraphrase or characterize Chapter 25B. To the extent the allegations may be deemed to require an answer, Chapter 25B speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with Chapter 25B. Defendant-Intervenors deny all remaining allegations.

88.     In response to the allegations of paragraph 88, said paragraph contains legal conclusions or arguments that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations. Paragraph 88 contains conclusory statements purporting to paraphrase or characterize Chapter 25B. To the extent the allegations may be deemed to require an answer, Chapter 25B speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with Chapter 25B. Defendant-Intervenors deny all remaining allegations.

89.     In response to the allegations of paragraph 89, said paragraph contains legal assertions, arguments, or conclusions to which no response is required. To the extent a response is required, and except as so admitted, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the allegations in that paragraph, and on that basis deny the allegations therein.

90.     In response to the allegations of paragraph 90, said paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

### SECOND CAUSE OF ACTION

### Writ of Mandate – Failure to Comply with County Code Chapter 25B

### (Cal. Code Civ. Proc. § 1085) By Failing to Act on Appeals

91.     In response to the allegations of paragraph 91, Defendant-Intervenors incorporate by reference their responses to the previous paragraphs.

92.     In response to the allegations of paragraph 92, said paragraph states legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph. Paragraph 92 contains conclusory statements purporting to paraphrase or characterize Chapter 25B. To the extent the allegations may be deemed to require an answer, Chapter 25B speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with Chapter 25B. Defendant-Intervenors deny all remaining allegations.

93.     In response to the allegations of paragraph 93, said paragraph states legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph. Paragraph 93 contains conclusory statements purporting to paraphrase or characterize Chapter 25B. To the extent the allegations may be deemed to require an answer, Chapter 25B speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with Chapter 25B. Defendant-Intervenors deny all remaining allegations.

94.     In response to the allegations of paragraph 94, said paragraph states legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

95.     In response to the allegations of paragraph 95, said paragraph states legal arguments or conclusions that do not require a response. To the extent a response is

1  required, Defendant-Intervenors deny the allegations in that paragraph. Defendant-
2  Intervenors deny the allegations that "County staff furnished the Board with detailed
3  information demonstrating that the Transfers comply with all relevant [] requirements
4  under Chapter 25B,…."

5    96. In response to the allegations of paragraph 95, said paragraph states legal
6  arguments or conclusions that do not require a response. To the extent a response is
7  required, Defendant-Intervenors deny the allegations in said paragraph. Defendant-
8  Intervenors lack sufficient knowledge or information to admit or deny the allegations in
9  the second sentence that Petitioners have been subjected "to substantial financial harm,"
10 and on that basis deny the allegations therein.

11   97. In response to the allegations of paragraph 97, said paragraph states legal
12 arguments or conclusions that do not require a response. To the extent a response is
13 required, Defendant-Intervenors deny the allegations in that paragraph.

14 **THIRD CAUSE OF ACTION**

15 **Writ of Mandate – Violation of County Code Chapter 25B**

16 **(Cal. Code Civ. Proc. § 1094.5)**

17 **(Pleaded in the Alternative to First and Second Causes of Action)**

18   98. In response to the allegations of paragraph 98, Defendant-Intervenors
19 incorporate by reference their responses to the previous paragraphs.

20   99. In response to the allegations of paragraph 99, Defendant-Intervenors admit
21 that the Board made no findings of denial. Except as so admitted, said paragraph states
22 legal arguments or conclusions that do not require a response. To the extent a response is
23 required, Defendant-Intervenors deny the allegations in that paragraph.

24   100. In response to the allegations of paragraph 100, Defendant-Intervenors admit
25 that "[t]he Planning Commission approved the Transfers on October 30, 2025," and that
26 the Board took no action and made no findings of denial. Except as so admitted, said
27 paragraph states legal arguments or conclusions that do not require a response. To the

28

DEFENDANT-INTERVENORS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT
FOR DECLARATORY RELIEF AND DAMAGES

extent a response is required, Defendant-Intervenors deny the allegations in that paragraph. Paragraph 100 contains conclusory statements purporting to paraphrase or characterize Chapter 25B. To the extent the allegations may be deemed to require an answer, Chapter 25B speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with Chapter 25B. Defendant-Intervenors deny all remaining allegations.

101. In response to the allegations of paragraph 101, said paragraph states legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in said paragraph. Defendant-Intervenors lack sufficient knowledge or information to admit or deny the allegations in the third sentence that Petitioners have been subjected "to substantial financial harm," and on that basis deny the allegations therein.

102. In response to the allegations of paragraph 102, said paragraph contains conclusory statements purporting to paraphrase or characterize the Board Letter and statements by County staff. To the extent these allegations may be deemed to require an answer, the Board Letter and recorded statements by County staff speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documented actions. The first and fourth sentences state legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in the first and fourth sentences. Defendant-Intervenors deny all remaining allegations.

103. In response to the allegations of paragraph 103, said paragraph contains conclusory statements purporting to paraphrase or characterize recorded statements by two Board members. To the extent these allegations may be deemed to require an answer, the transcript from the hearing speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documented actions. Defendant-Intervenors deny all remaining allegations.

104.    In response to the allegations of paragraph 104, said paragraph contains conclusory statements purporting to paraphrase or characterize the 2025 Board Letter. To the extent these allegations may be deemed to require an answer, the 2025 Board Letter speaks for itself, and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with this document. The remaining allegations in said paragraph state legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in these remaining allegations.

105.    In response to the allegations of paragraph 105, said paragraph states legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

### FOURTH CAUSE OF ACTION

### Writ of Mandate – Violation of the Takings Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 19 of the California Constitution

### (42 U.S.C. § 1983; Cal. Const. art. I, § 19)

106.    In response to the allegations of paragraph 106, Defendant-Intervenors incorporate by reference their responses to the previous paragraphs.

107.    In response to the allegations of paragraph 107, said paragraph states legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

108.    In response to the allegations of paragraph 108, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the allegations in the first and second sentences, and on that basis deny the allegations therein. The third and fourth sentences state legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in the third and fourth sentences.

109.   In response to the allegations of paragraph 109, said paragraph states legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

110.   In response to the allegations of paragraph 110, said paragraph states legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

111.   In response to the allegations of paragraph 111, said paragraph states legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

112.   In response to the allegations of paragraph 112, said paragraph states legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

**FIFTH CAUSE OF ACTION**

**Declaratory Relief and Damages – Violation of the Takings Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 19 of the California Constitution**

**(42 U.S.C. § 1983; Cal. Const. art. I, § 19; Cal. Code Civ. Proc. § 1060)**

113.   In response to the allegations of paragraph 113, Defendant-Intervenors incorporate by reference their responses to the previous paragraphs.

114.   In response to the allegations of paragraph 114, Defendant-Intervenors admit that "[t]he County enacted and is charged with enforcing Chapter 25B,…." Except as so admitted, said paragraph states legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

115.   In response to the allegations of paragraph 115, said paragraph states legal arguments or conclusions that do not require a response. To the extent a response is

required, Defendant-Intervenors deny the allegations in that paragraph. Defendant-Intervenors deny all remaining allegations.

116.   In response to the allegations of paragraph 116, said paragraph states legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

117.   In response to the allegations of paragraph 117, said paragraph states legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

118.   In response to the allegations of paragraph 118, Defendant-Intervenors admit that Petitioners request the relief stated in that paragraph. Except as so admitted, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the remaining allegations in that paragraph.

119.   In response to the allegations of paragraph 119, Defendant-Intervenors admit that Petitioners request the relief stated in the second sentence. Except as so admitted, said paragraph states legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

## SIXTH CAUSE OF ACTION

**Declaratory Relief and Damages – Violation of the Supremacy Clause of the United States Constitution and Article XI, Section 7 of the California Constitution**

**(42 U.S.C. § 1983; U.S. Const., Art. VI; Cal. Code Civ. Proc. § 1060)**

120.   In response to the allegations of paragraph 120, Defendant-Intervenors incorporate by reference their responses to the previous paragraphs.

121.    In response to the allegations of paragraph 121, said paragraph states legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

122.    In response to the allegations of paragraph 122, no response is necessary because the Supremacy Clause of the U.S. Constitution speaks for itself. The paragraph also states legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

123.    In response to the allegations of paragraph 123, said paragraph states legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

124.    In response to the allegations of paragraph 124, said paragraph contains legal conclusions or arguments that do not require a response, and argument and conclusory statements purporting to paraphrase or characterize recorded statements made by Chair Laura Capps and Supervisor Roy Lee during the February 25 hearing. To the extent these allegations may be deemed to require an answer, the transcript of the hearing speaks for itself, and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with this document.

125.    In response to the allegations of paragraph 125, no response is necessary because Article XI, Section 7, of the California Constitution speaks for itself. To the extent these allegations may be deemed to require an answer, Article XI, Section 7, of the California Constitution speaks for itself, and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with this section. The paragraph also states legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

126.    In response to the allegations of paragraph 126, said paragraph states legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

DEFENDANT-INTERVENORS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT
FOR DECLARATORY RELIEF AND DAMAGES

127.   In response to the allegations of paragraph 127, said paragraph contains legal conclusions or arguments that do not require a response, and argument and conclusory statements purporting to paraphrase or characterize statements made by Chair Laura Capps and Supervisor Roy Lee during the February 25 hearing. To the extent these allegations may be deemed to require an answer, Defendant-Intervenors deny the allegations. Except as so denied, Defendant-Intervenors deny the remaining allegations in that paragraph.

128.   In response to the allegations of paragraph 128, said paragraph contains legal conclusions or arguments that do not require a response, and argument and conclusory statements purporting to paraphrase or characterize statements made by Chair Laura Capps and Supervisor Roy Lee during the February 25 hearing. To the extent these allegations may be deemed to require an answer, the transcript of the hearing speaks for itself, and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with this document. Except as so denied, Defendant-Intervenors deny the remaining allegations in that paragraph.

129.   In response to the allegations of paragraph 129, Defendant-Intervenors admit that Petitioners request the relief stated in that paragraph. Except as so admitted, said paragraph states legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

Except as specifically admitted herein, Defendant-Intervenors deny each and every allegation in the Petition and Complaint.

## AFFIRMATIVE DEFENSES

Defendant-Intervenors are informed and believe, and on such information and belief, allege the affirmative defenses set forth below. By alleging these defenses, Defendant-Intervenors do not admit that they have the burden of proof and/or burden of persuasion as to any of these defenses.

DEFENDANT-INTERVENORS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT
FOR DECLARATORY RELIEF AND DAMAGES

**First Affirmative Defense**

Petitioners lack standing to bring the claims that are set forth in the Petition.

**Second Affirmative Defense**

The Petition, and each cause of action therein, is barred by the failure to exhaust administrative remedies.

**Third Affirmative Defense**

The relief sought, if granted, would improperly interfere with County's lawful exercise of its authority and discretion.

**Fourth Affirmative Defense**

Petitioners have failed, refused, and neglected to reasonably mitigate their damages, which bars or diminishes any recovery.

**Fifth Affirmative Defense**

The County is not liable Petitioners' injuries and damages, if there were any, caused by the County's actions or inactions pursuant to California Government Code section 818.4.

**Sixth Affirmative Defense**

The County is not liable for Petitioners' injuries and damages, if there were any, caused by the County's actions or inactions pursuant to California Government Code section 815.

**Seventh Affirmative Defense**

The causes of action asserted in the Petition and Complaint are barred by the doctrines of waiver and estoppel.

**Eighth Affirmative Defense**

The County is not liable in that Petitioner's injuries and damages, if there were any, were caused by the acts or omissions of other persons or entities, and not by the County.

//

DEFENDANT-INTERVENORS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

1

**Ninth Affirmative Defense**

2

The causes of action asserted in the Petition and Complaint are not ripe for judicial

3

review.

4

**Tenth Affirmative Defense**

5

The Petition and Complaint is barred by the doctrine of unclean hands.

6

**Eleventh Affirmative Defense**

7

The Petition and Complaint is set forth in conclusory and uncertain terms, thereby

8

precluding Defendant-Intervenors from fully anticipating all affirmative defenses and/or

9

privileges and immunities that may be applicable. Accordingly, Defendant-Intervenors

10

reserve the right to add additional affirmative defenses at such time as Petitioners' claims

11

may be stated with greater clarity.

12

WHEREFORE, Defendant-Intervenors respectfully pray that:

13

14

    1.    The petition for a writ of mandate pursuant to California Code of Civil Procedure section 1085 be denied in its entirety;

15

16

    2.    The petition for a writ of mandate pursuant to California Code of Civil Procedure section 1094.5 be denied in its entirety;

17

    3.    The complaint for declaratory relief be denied;

18

19

    4.    Petitioners take nothing by reason of their complaint for damages and that judgment be rendered in favor of County;

20

21

    5.    Defendants and Defendant-Intervenors recover their costs in this proceeding, along with attorneys' fees to the extent permitted by law; and

22

23

    6.    The Court award to Defendants and Defendant-Intervenors such other and further relief as it considers just and proper.

24

25

Originally submitted June 12, 2025.

26

        */s/ Linda Krop*

27

        LINDA KROP (Bar No. 118773)
        lkrop@environmentaldefensecenter.org

28

DEFENDANT-INTERVENORS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JEREMY M. FRANKEL (Bar No. 344500)
jfrankel@environmentaldefensecenter.org
TARA C. RENGIFO (Bar No. 307670)
trengifo@environmentaldefensecenter.org
ENVIRONMENTAL DEFENSE CENTER
906 Garden Street
Santa Barbara, CA 93101
Tel.: (805) 963-1622 / Fax: (805) 962-3152
*Attorneys for Environmental Defense Center, Get Oil Out!, Santa Barbara County Action Network, Sierra Club, and Santa Barbara Channelkeeper*

DEFENDANT-INTERVENORS' ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES