LATHAM & WATKINS LLP
  Jessica Stebbins Bina (Bar No. 248485)
   *jessica.stebbinsbina@lw.com*
10250 Constellation Blvd. Suite 1100
Los Angeles, CA 90067
Telephone: +1 424.653.5500
Facsimile: +1 424.653.5501

Attorneys for Petitioners Sable Offshore Corp., Pacific Pipeline Company, and Pacific Offshore Pipeline Company

O'MELVENY & MYERS LLP
  Dawn Sestito (Bar No. 214011)
   *dsestito@omm.com*
  Lauren Kaplan (Bar No. 294703)
   *lkaplan@omm.com*
400 South Hope Street, 19th Floor
Los Angeles, California 90071
Telephone: +1 213.430.6000
Facsimile: +1 213.430.6407

Attorneys for Petitioners and Plaintiffs Exxon Mobil Corporation, Mobil Pacific Pipeline Company, and ExxonMobil Pipeline Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABLE OFFSHORE CORP. et al.,<br><br>Petitioners/Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA BARBARA et al.,<br><br>Respondents/Defendants. | CASE NO. 2:25-cv-04165-DMG-AGR<br><br>**PETITIONERS' REPLY IN SUPPORT OF ALTERNATIVE REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PETITIONERS' OPPOSITION TO INTERVENORS' CROSS-MOTION FOR SUMMARY JUDGMENT AND REPLY IN SUPPORT OF PETITIONERS' MOTION FOR SUMMARY JUDGMENT**<br><br>Complaint Filed: May 8, 2025<br><br>Date:  September 12, 2025<br>Time:  2:00 p.m.<br>Ctrm.:  8C<br>Judge:  Dolly M. Gee |

## I. INTRODUCTION

Intervenors want the Court to take judicial notice of a 2025 FPPC letter—dated months after the Board hearing at issue—while insisting that a 2016 FPPC letter on the same subject is irrelevant. This selective, results-oriented approach is emblematic of Intervenors' broader litigation strategy: picking and choosing what evidence the Court may consider, seeking to avoid consideration of anything that undercuts their arguments. The 2016 FPPC Letter is directly relevant because it shows Supervisor Hartmann was told nearly a decade ago that she could participate in proceedings involving the Facilities, yet she has consistently recused herself, including at the February 2025 Board hearing. *See* Dkt. 13-21, 10-11, 213; Dkt. 36-5, 3; Dkt. 43-1, 11; Dkt. 43-6, 10. Intervenors' attempt to exclude this letter, while relying on the later, less relevant one to argue that Supervisor Hartmann will no longer recuse herself in the future, is both unfair and highlights Intervenors' willingness to avoid inconvenient facts.

## II. ARGUMENT

Petitioners' approach is straightforward: the record and evidence before this Court should be complete, fair, and transparent. Intervenors want the Court to consider a 2025 FPPC letter—written months after the Board's vote—while ignoring the 2016 FPPC Letter that actually informed Supervisor Hartmann's conduct at the February 2025 hearing. That is not how judicial notice works, nor how a fair record is built. *See* Fed. R. Evid. 201 (judicial notice is limited to facts not subject to reasonable dispute and relevant to the proceeding).

Intervenors argue that the Court should consider a July 2025 FPPC letter that states that Supervisor Hartmann is not required to recuse herself from proceedings relating to the Facilities, for the purpose of demonstrating that Supervisor Hartmann will not recuse herself in the future. Yet the 2016 FPPC Letter *also* stated that Supervisor Hartmann is not disqualified from taking part in decisions involving the Facilities. Dkt. 46-5, 4-5. The FPPC explained then that because the decision would

not create a foreseeable, material financial effect on her property, she did not have a disqualifying conflict of interest.  Dkt. 46-5, 5-8.  Yet, although the 2016 FPPC Letter shows Hartmann was told she could participate in proceedings related to the Pipeline, she still recused herself repeatedly—contradicting Intervenors' narrative. *See* Dkt. 13-21, 10-11, 213; Dkt. 36-5, 3; Dkt. 43-1, 11; Dkt. 43-6, 2-3, 10.  This picking-and-choosing is not an isolated incident; it reflects Intervenors' broader approach of cherry-picking evidence and disregarding the rest to achieve their desired result.

The 2025 letter is irrelevant to the Board's decision-making and hearing on the transfer of permits because it was created months after that hearing and vote. But if the Court considers it (which Petitioners still maintain it should not), fairness and completeness require that the 2016 FPPC Letter be included as well.

## III.   CONCLUSION

Accordingly, Petitioners respectfully request that the Court grant Petitioners' Alternative RJN in the event that the Court grants judicial notice of the FPPC letter in the IRJN.

Dated: September 8, 2025                         Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/*Jessica Stebbins Bina*
Jessica Stebbins Bina
Jessica.stebbinsbina@lw.com
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Tel.: (424) 653-5500
Fax: (424) 653-5501

Attorneys for Plaintiffs and Petitioners Sable Offshore Corp., Pacific Pipeline Company, and Pacific Offshore Pipeline Company

O'MELVENY & MYERS LLP

By: /s/*Lauren Kaplan*

Lauren Kaplan (Bar No. 294703)
lkaplan@omm.com
Dawn Sestito (Bar No. 214011)
dsestito@omm.com
400 South Hope Street, 19th Floor
Los Angeles, California 90071
Telephone: +1 213.430.6000
Facsimile: +1 213.430.6407

Attorneys for Petitioners and Plaintiffs Exxon Mobil Corporation, Mobil Pacific Pipeline Company, and ExxonMobil Pipeline Company

**ATTESTATION STATEMENT**

I, Jessica Stebbins Bina, am the ECF User whose identification and password are being used to file this Petitioners' Reply to Intervenors' Opposition to Petitioners' Alternative Request for Judicial Notice in Support of Petitioners' Opposition to Intervenors' Cross-Motion for Summary Judgment and Reply in Support of Petitioners' Motion for Summary Judgment. Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/*Jessica Stebbins Bina*
Jessica Stebbins Bina

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Petitioners Sable Offshore Corp, Pacific Pipeline Company, and Pacific Offshore Pipeline Company, certifies that this reply contains 491 words, which complies with the word limit of Local Rule 11-6.1.

Dated: September 8, 2025            By: /s/*Jessica Stebbins Bina*
                                           Jessica Stebbins Bina