SANTA BARBARA COUNTY COUNSEL
RACHEL VAN MULLEM, County Counsel
CALLIE KIM, Deputy County Counsel (SBN 257213)
105 East Anapamu Street, Suite 201
Santa Barbara, California 93101
Telephone (805) 568-2950 / Fax (805) 568-2982
E-mail: ckim@countyofsb.org

Attorneys for Respondents and Defendants
COUNTY OF SANTA BARBARA and
SANTA BARBARA COUNTY
BOARD OF SUPERVISORS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABLE OFFSHORE CORP., *et al.*,<br><br>Petitioners/Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA BARBARA, *et al.*,<br><br>Respondents/Defendants,<br><br>and<br><br>ENVIRONMENTAL DEFENSE CENTER, *et al.*,<br><br>Intervenors. | Case No: 2:25-CV-4165-DGM-CTS<br><br>**COUNTY'S OPPOSITION TO SABLE'S MOTION TO ALTER OR AMEND JUDGMENT OR ORDER**<br><br>Judge: Hon. Dolly M. Gee<br>Courtroom: 8C, First St. Courthouse<br>Hearing: October 23, 2026<br>Time: 9:30 a.m.<br><br>Complaint Filed: May 8, 2025 |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... 3
I. INTRODUCTION .......... 5
II. LEGAL STANDARD .......... 5
III. ARGUMENT .......... 6
A. The Motion is Untimely and Fails to Present a Valid Basis for Reconsideration .......... 6
B. The Motion Fails to Show the Court Committed Clear Error .......... 7
IV. CONCLUSION .......... 11

SANTA BARBARA
COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950

# TABLE OF AUTHORITIES

**Cases**


*389 Orange Street Partners v. Arnold,*
179 F.3d 656 (9th Cir. 1999) .......... 5

*Anza Parking Corp. v. City of Burlingame*,
195 Cal.App.3d 855 (1987) .......... 10

*Bd. of Regents v. Roth,*
408 U.S. 564 (1972) .......... 8

*Bennett v. City of Kingman*,
543 F. Supp. 3d 794 (D. Ariz. 2021) .......... 10

*Berkley Ins. Co. v. Levin*,
2024 WL 1813474 (C.D. Cal. Apr. 2, 2024) .......... 7

*Bowers v. Whitman*,
671 F.3d 905 (9th Cir. 2012) .......... 8, 10

*California Charter Schs. Assn. v. City of Huntington Park*,
35 Cal. App. 5th 362 (2019) .......... 9

*Davidson v. County of San Diego*,
49 Cal. App. 4th 639 (1996) .......... 7, 8

*Engquist v. Or. Dep't of Agric.*,
478 F.3d 985 (9th Cir. 2007) .......... 10

*Fudge v. Delta Air Lines, Inc.,*
753 F. Supp. 3d 987 (C.D. Cal. 2024) .......... 5, 6

*Goat Hill Tavern v. City of Costa Mesa*,
6 Cal. App. 4th 1519 (1992) .......... 9

*Hermosa Beach Stop Oil Coal. v. City of Hermosa Beach*,
86 Cal. App. 4th 534 (2001) .......... 7, 9


SANTA BARBARA COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950

*Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877 (9th Cir. 2000) .......... 5

*Malibu Mountains Recreation, Inc. v. Cnty. of Los Angeles*, 67 Cal. App. 4th 359 (1998) .......... 8, 9

*Pardee Constr. Co. v. California Coastal Com.*, 95 Cal. App. 3d 471 (1979) .......... 9

*S. Lake Tahoe Prop. Owners Grp. v. City of S. Lake Tahoe*, 92 Cal. App. 5th 735 (2023) .......... 7

*Skye Orthobiologics, LLC v. CTM Biomedical*, LLC, 351 F.R.D. 155 (C.D. Cal. 2026) .......... 5

**Rules**

Federal Rule of Civil Procedure 59(e) .......... 5

Local Rule 7-18 .......... 5, 6

**Other Authorities**

County Code § 25 B .......... 7, 8, 9, 10

County Code § 25 B-6(a) .......... 7

SANTA BARBARA
COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950

## I. INTRODUCTION

Plaintiffs Sable Offshore Corp., Pacific Pipeline Company, and Pacific Offshore Pipeline Company (collectively, "Sable") ask this Court to reconsider its order dismissing Sable's Taking Clause claim without leave to amend. The request should be denied because it is untimely and fails to present a valid basis for reconsideration under Local Rule 7-18. In addition, even if Sable's motion was not procedurally defective, Sable fails to show that the Court committed clear error. As the Court correctly concluded, Sable failed to allege a vested property interest in the amended Final Development Permits ("FDPs") because: 1) its application to amend the FDPs was denied and 2) its unilateral expectation that the application would be granted does not create a protectable property interest. Accordingly, Defendants County of Santa Barbara and Santa Barbara County Board of Supervisors ("County") respectfully ask this Court to deny Sable's Motion to Alter or Amend Judgement and Order ("Motion").

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The rule permits a district court to reconsider and amend a previous order if the "district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999)). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original).

Local Rule 7-18 governs motions for reconsideration in this District. *See Skye Orthobiologics, LLC v. CTM Biomedical*, LLC, 351 F.R.D. 155, 159 (C.D. Cal. 2026); *Fudge v. Delta Air Lines, Inc.,* 753 F. Supp. 3d 987, 995 (C.D. Cal.

SANTA BARBARA COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950

2024) (denying motion for reconsideration of order granting motion to dismiss). It requires any motion for reconsideration to be filed "no later than 14 days after entry of the Order that is the subject of the motion or application[,]" absent a showing of good cause. It also requires the party seeking reconsideration to show: "(a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." Local Rule 7-18 prohibits the moving party from "repeat[ing] any oral or written argument made in support of, or in opposition to, the original motion."

## III. ARGUMENT

### A. The Motion is Untimely and Fails to Present a Valid Basis for Reconsideration

Sable failed to file a timely request for reconsideration. This Court entered its order on July 14, 2026. (Docket Number ("Dkt. No.") 83.) Sable filed its motion 28 days later, on August 11, 2026. (Dkt. No. 87.) Thus, Sable failed to meet the 14-day deadline under Local Rule 7-18 and does not demonstrate good cause for its delay.

Nor does Sable identify any grounds for reconsideration under Local Rule 7-18. Sable does not cite any emergence of any new fact or law or identify any material facts that the Court failed to consider. Rather, Sable argues that the Court made a mistake of law by disregarding the arguments it made in opposition to the County's motion to dismiss. Sable's "disagreement with the Court's legal reasoning is simply not enough to merit the 'extraordinary' relief set forth in Local Rule 7-18." *Fudge*, 753 F. Supp. 3d at 995–96. "Unhappiness with the outcome is not included within the rule; unless the moving party shows that one of the

SANTA BARBARA
COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950

stated grounds for reconsideration exists, the Court will not grant a reconsideration." *Berkley Ins. Co. v. Levin*, 2024 WL 1813474, at *2 (C.D. Cal. Apr. 2, 2024) (citations omitted).

**B. The Motion Fails to Show the Court Committed Clear Error**

Even assuming Sable had filed a timely motion and asserted a procedurally valid basis for reconsideration, denial would still be appropriate because the Court correctly dismissed Sable's Takings Clause claim without leave to amend. Sable did not acquire a vested right to amended FDPs in its name because its application under Chapter 25B was denied and its belief that its application should have been granted does not create a constitutionally-protected property right.

Sable asserts the FDPs vested before Chapter 25B was enacted and that it does not apply to the FDPs because Chapter 25B is not retroactive. But Sable ignores the plain language of the code. By its express terms, Chapter 25B has applied to the Facilities since its enactment. *See* County Code § 25B-6(a) (requiring "any existing owner, operator or guarantor, [to] submit a certification to the director" specifying certain listed information about "the current owner(s), operator(s), and guarantor(s)" within 30 days of the effective date of Chapter 25B); *see also Hermosa Beach Stop Oil Coal. v. City of Hermosa Beach*, 86 Cal. App. 4th 534, 550 (2001) (intent to apply a law retroactively can be determined by the language of the statute). "A vested right does not prohibit a local government from enacting and applying new regulations necessitated by public health and safety concerns." *S. Lake Tahoe Prop. Owners Grp. v. City of S. Lake Tahoe*, 92 Cal. App. 5th 735, 749 (2023), *as modified on denial of reh'g* (July 12, 2023) (upholding ordinance that declared vacation home rental permits granted no vested rights and requiring existing permits to be renewed annually); *see also Davidson v. County of San Diego*, 49 Cal. App. 4th 639, 648 (1996) (vested right did not prevent the county from enacting and applying new crematorium regulations due to public health and safety concerns).

SANTA BARBARA COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950

Moreover, while Chapter 25B applied at its inception to permits that already existed at that time—and is in that sense retroactive—its regulation of proposed changes to the owner, operator, and guarantor under existing permits is a prospective application of law. *See id.* (noting that a law does not operate retroactively merely because it is applied in a case arising from conduct antedating the law's enactment and holding that the application of a voter proposition to ban oil and gas permits was a prospective application of the law even though it upset expectations grounded in prior law).

None of the authorities Sable cites involve a local ordinance comparable to Chapter 25B. Sable relies extensively on *Malibu Mountains Recreation, Inc. v. Cnty. of Los Angeles*, 67 Cal. App. 4th 359 (1998) ("*Malibu Mountains*"), in which the Court noted that the plaintiff "acceded to the same rights as held by the previous owner" because the conditional use permit was in force when the plaintiff bought the property and the plaintiff was not required to obtain a new conditional use permit. *Id.* at 370. Like the plaintiff in *Malibu Mountains*, Sable acceded to the same rights as held by the previous owner of the Facilities—Exxonmobil affiliates. But unlike *Malibu Mountains*, those rights were subject to Chapter 25B. "Property interests ... are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bowers v. Whitman*, 671 F.3d 905, 912 (9th Cir. 2012) (quoting *Bd. of Regents v. Roth,* 408 U.S. 564, 577 (1972)). The property interest Sable acquired from Exxonmobil affiliates was defined by the regulations that applied to the Facilities at that time, which included Chapter 25B. When Sable purchased the Facilities, Chapter 25B expressly required any proposed new owner, operator, or guarantor to obtain amended FDPs. And just as the ExxonMobil affiliates were required to participate in the Chapter 25B process to secure amended FDPs, Sable was required to do the same.

SANTA BARBARA COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950

Sable's cases are also inapposite because they involve the termination of a vested conditional use permit. *See Malibu Mountains Recreation, Inc.*, 67 Cal. App. 4th 359 (county revoked a conditional use permit for a tennis ranch); *Goat Hill Tavern v. City of Costa Mesa*, 6 Cal. App. 4th 1519 (1992) (city determined conditional use permit had expired and effectively "destroyed a business which has operated legally for 35 years."); *Pardee Constr. Co. v. California Coastal Com.*, 95 Cal. App. 3d 471, 480 (1979) (concluding plaintiff had an "adjudicated, approved, found to be valid, vested right[,]" which could not be lost by delay that resulted in the lapse of building permits).

Sable does not allege that the County has revoked the FDPs or ordered the Facilities to shut down. Instead, Sable alleges it applied to amend the FDPs to change the owner, operator, and guarantor and its application was denied. The distinction between the acquisition of a vested right and the loss of a vested right is critical, as recognized by Sable's own cases. *See Pardee Constr. Co.*, 95 Cal. App. 3d at 480. The denial of an application for a permit or license does not create a vested right. *Malibu Mountains Recreation, Inc.*, 67 Cal. App. 4th at 367; *California Charter Schs. Assn. v. City of Huntington Park*, 35 Cal. App. 5th 362, 371 (2019) ("no right vests until a permit is granted, and the successful applicant has thereafter acted upon the grant to his or her detriment."). A right only vests when all final discretionary permits have been granted. *See Hermosa Beach Stop Oil Coal.*, 86 Cal. App. 4th at 552 (holding oil company had no vested right to continue its oil exploration and production project when it had a conditional use permit, but no coastal development permit, which afforded the city considerable discretion). The County cannot take away something Sable never had in the first place.

To the extent Sable is asserting the County should have granted its application under Chapter 25B, its unilateral expectation is not sufficient to create a vested property interest cognizable under the Takings Clause. "Protected

SANTA BARBARA
COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950

property interests do not arise from mere desires or unilateral expectations: there must be a legitimate claim of entitlement." *Bennett v. City of Kingman*, 543 F. Supp. 3d 794, 807 (D. Ariz. 2021), *aff'd,* 2023 WL 118740 (9th Cir. Jan. 6, 2023). Chapter 25B requires the County Board of Supervisors to exercise discretion, it does not guarantee approval as a matter of right. "If the property interest is 'contingent and uncertain' or the receipt of the interest is 'speculative' or 'discretionary,' then the government's modification or removal of the interest will not constitute a constitutional taking." *Bowers v. Whitman*, 671 F.3d 905, 913 (9th Cir. 2012) (quoting *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 1002 (9th Cir. 2007), *aff'd*, 553 U.S. 591 (2008)).

Sable's reliance on *Anza Parking Corp. v. City of Burlingame*, 195 Cal.App.3d 855 (1987) is also misplaced. *Anza Parking Corp.* concerned a "nontransfer" clause in a conditional use permit that the court concluded was void because it was not reasonably related to the use of the property. Here, Chapter 25B is a broadly applicable ordinance, not a permit condition, and it does not bar the transfer of permits, it proscribes a process for amending oil and gas permits to change the owner, operator, or guarantor. If an application is denied, Chapter 25B does not preclude the applicant from reapplying or preclude another applicant from applying for amendments to the same permit. Against this backdrop, the condition prohibiting any transfer of the permit in *Anza Parking Corp.* is distinguishable. Moreover, according to the Complaint, until Sable, the County had not denied a Chapter 25B application for amended permits. Whether Sable's application presented a unique factual basis for a rare denial of a transfer is a question this Court will examine in the writ of mandate phase of this case.

/ / /

/ / /

/ / /

/ / /

SANTA BARBARA
COUNTY COUNSEL
105 E. Anapamu Street, #201
Santa Barbara, CA 93101
(805) 568-2950

**IV. CONCLUSION**

For all the foregoing reasons, Defendants County of Santa Barbara and Santa Barbara County Board of Supervisors respectfully request that this Court deny Sable's Motion to Alter or Amend Judgement and Order.

Dated: September 11, 2026

Respectfully submitted,

RACHEL VAN MULLEM
COUNTY COUNSEL

By: Callie Patton Kim
Callie Patton Kim
Senior Deputy County Counsel
Attorneys for Respondents and Defendants, COUNTY OF SANTA BARBARA and SANTA BARBARA COUNTY BOARD OF SUPERVISORS

*SANTA BARBARA*
*COUNTY COUNSEL*
*105 E. Anapamu Street, #201*
*Santa Barbara, CA 93101*
*(805) 568-2950*